RUFUS T. ROCKWELL'S APPEAL FROM PROBATE.

Fairfield Co., March T., 1886. PARK, C. J., CARPENTER, LOOMIS, GRANGER AND BEARDSLEY, Js.

Where a will has been duly executed and the testator had sufficient capacity to make a will, the presumption is that it was executed freely, and without fraud or mistake, and the burden of proof to show the contrary rests on the party opposing the probate of the will.

Where undue influence was relied on to invalidate a single bequest in a will, and the court, in sustaining the claim and setting aside that part of the will, found " that there was no sufficient proof to show that the

bequest was made a part of the will by the direction or with the knowl-
edge of the testatrix," it was held that the court erred in setting
aside the bequest on that ground, since the proponents of the will
were not bound to offer any evidence whatever on the subject.

[Argued March 16th—decided July 27th, 1886.]

APPEAL from a probate decree approving the will of Chloe
Rockwell, deceased; taken to the Superior Court in Fair-
field County, and tried to the court before *Andrews, J.*
The facts were found, and a residuary bequest to Georgie
M. Benedict, and a clause appointing her executrix, were set
aside, and the probate of the will otherwise affirmed. She
appealed to this court. The case is sufficiently stated in the
opinion.

*R. E. DeForest* and *J. E. Walsh*, for the appellant (origi
nal appellee.)

*L. D. Brewster* and *S. Tweedy*, for the appellee (original
appellant.)

CARPENTER, J. This is an appeal from a decree of a
court of probate approving a document as the last will and
testament of Chloe Rockwell, deceased. No reasons of ap-
peal were filed in the Superior Court, so that the case stood
and was tried upon the statutory issue—Was it a valid will?
That issue involved three questions: 1. Was the paper
executed with the requisite legal formalities? 2. Did the
testatrix have testamentary capacity? and 3. Did she exe-
cute it freely, without undue influence, fraud or mistake?
*St. Leger's Appeal from Probate*, 34 Conn., 434.

The record answers the first two questions in the affirma-
tive. The contention in this case relates solely to the
third.

Starting with the concession that the paper was duly ex-
ecuted, and that the persons signing it had sufficient ca-
pacity to make a will, the presumption is that it was ex-
ecuted freely and without fraud or mistake until the con-
trary appears. Neither fraud nor mistake is claimed; but

undue influence is relied on to invalidate not the whole will, but the residuary clause in favor of Mrs. Benedict, and the clause making her the executrix. The court sustained the claim of the appellant, and set aside those clauses. Mrs. Benedict appealed.

It is not disputed that the two clauses were properly set aside, provided it sufficiently appears that they were the result of undue influence. Does that sufficiently appear? It certainly is not expressly found. Is the finding equivalent to that? We think not.

The court, after reciting the rejected clauses, finds as follows: " The court finds that there is no sufficient proof to show that the same were made a part of said will by the direction or with the knowledge of the testatrix; and so the court finds that the words above recited are not a part of the will of Chloe Rockwell." This is not finding undue influence, nor is it the legal equivalent of such a finding. Every man is presumed to know the contents of a writing which he signs until the contrary is shown. This presumption applies with peculiar force to wills. They are solemn instruments and are usually prepared and executed with great care. Therefore it was not incumbent on the proponents of the will to prove affirmatively that the deceased directed those clauses to be made a part of her will, or that they were inserted with her knowledge; for both will be presumed from the fact that she executed the instrument as her will with those clauses in it.

The record clearly indicates that the court below regarded it as the duty of the proponents to produce positive proof of her direction and knowledge, whereas the burden is on the opponents to show that she did not direct or have knowledge. The burden being on them, the finding manifestly is not equivalent to a finding that she did not direct or have knowledge. It is a finding that the proponents failed to produce *sufficient* evidence as to a matter concerning which they were not bound to produce *any* evidence. Surely such a finding falls far short of showing that the opponents proved what was essential to their case. In no sense there-

fore can it be said that the finding shows undue influence. The last clause, "and so the court finds that the words above recited are not a part of the will of Chloe Rockwell," is manifestly a legal conclusion from what precedes it. But the clause preceding it, which is a statement of fact, does not justify the conclusion. The conclusion is in substance what the appellant was bound to prove; it cannot be legitimately inferred from the failure of the appellee to disprove it.

If it be suggested that this conclusion is an inference, not merely from the preceding sentence with which it is immediately connected, but also from the evidential facts before recited, the obvious answer is that still the ultimate all-important fact—undue influence—is not found directly and without ambiguity, as it should have been, but is left to be inferred from the evidential facts, not as a legal infer-ence, but as an inference of fact. It is only found argu-mentatively—if the words in question were not a part of the will they must have been the result of undue influence. Such a finding is objectionable in form and, in this case, in substance, and ought not to be countenanced by this court.

The judgment is reversed and a new trial ordered.

In this opinion PARDEE and LOOMIS, Js., concurred. PARK, C. J., and BEARDSLEY, J., dissented.