SHERWOOD G. AVERY *vs.* CHARLES E. WHITE.

Second Judicial District, Norwich, April Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

Where the omission of the trial judge to instruct the jury in reference to certain questions of law was due to the conduct of the losing party, but the finding is silent upon that subject, it may well be corrected upon an application made for that purpose under § 801 of the General Statutes and § 14, p. 95, of the Rules of Court.

In the absence of any answer or counter-affidavit denying the truth of the statements contained in such an application, it is competent for this court to treat them as proven.

In an action to recover damages for cutting and carrying away trees growing on the plaintiff's land, evidence offered by the defendant as to the dimensions of the trees cut by him upon an adjoining

tract, which he claimed included the plaintiff's lot, and at what rate he paid his choppers, is irrelevant.

The defendant offered evidence that he instructed his choppers to cut only trees of at least ten or twelve inches in diameter, and therefore that the smaller trees that were cut were cut without his authority. *Held* that in the absence of any claim, in connection with this offer, that the cutting of the smaller trees was unnecessary to accomplish the authorized cutting and removal, this evidence was properly excluded.

Argued April 30th—decided May 10th, 1907.

ACTION to recover damages for cutting and carrying away trees growing on land of the plaintiff, brought to the Superior Court in New London County and tried to the jury before *Reed, J.;* verdict and judgment for the plaintiff for $585, and appeal by the defendant. *No error.*

*Charles F. Thayer* and *George W. Melony*, for the appellant (defendant).

*William H. Shields* and *Donald G. Perkins*, for the appellee (plaintiff).

THAYER, J. The complaint alleges that the defendant, by his workmen and servants, entered upon the plaintiff's land and did the cutting complained of. The defendant complains of the charge of the court because it fails to explain to the jury that acts of a servant beyond the scope of his employment are not the acts of the master, and that the master is not responsible for a trespass or wrongful act of his servant unless such act is done in the execution of the master's orders or with his assent or approbation. He also complains that the charge fails to explain the distinction between the relation of master and servant, and the relation of employer and contractor. It is true that no instruction was given upon these questions, and the plaintiff claims that there was no occasion for such instruction, because on the trial the defendant admitted that the cutting was done by his servants by his order, that no claim was made that he was not liable for their acts, nor any

claim in relation to the master's liability for the acts of his servant beyond the scope of his employment, nor as to the legal distinction between the relation of master and servant and that of employer and contractor.

It is not clear from the printed record whether the plaintiff's claims are correct or not. But he has filed with this court an application to rectify the appeal under § 801 of the General Statutes, which, if allowed, makes it entirely clear that the plaintiff's claim in this respect is correct. The application is informal, in that it is not, strictly speaking, addressed to the court; its different statements of fact are not paragraphed as they should be to facilitate the specific admission or denial of each by the adverse party ; and it does not close with a request for the specific changes and additions to the finding which are sought. It is, however, entitled "Application to Rectify Appeal," the additions to the finding sought for sufficiently appear, and no objection to it on the ground of informality is made. It has annexed to it the affidavit of counsel that all the statements of fact set forth in the application are true, but no answer supported by like affidavit has been filed by the defendant as required by § 14 of the Rules of Court, p. 95. The purpose of the rule is to save the expense of taking depositions in support of the application, and to obviate, so far as possible, the trying of questions of fact in this court upon depositions. An answer should have been filed, unless the defendant was prepared to have the sworn facts taken as true. His only excuse for his failure to comply with the rule is that the finding shows, as he claims, that the statements of fact set forth in the application are not true. That there is not strict agreement between the two is not strange, inasmuch as the object of the application is to have the finding corrected. A discrepancy between the two affords no excuse for noncompliance with the rule. Timely notice of the application having been given, the neglect of the defendant's counsel to deny its allegations under oath indicates that they could not consistently do so. Cases may arise where applications

of this kind, although no answer is filed, will be denied by the court unless further proof than the affidavit of counsel is furnished. In the present case we think the application should be granted. The appeal, therefore, is rectified in accordance with the application. This removes the sole ground upon which the defendant's objections to the charge are founded.

The record shows that the defendant cut timber and poles upon one entire tract, within which was included the land claimed by the plaintiff. The defendant contended that the land claimed by the plaintiff was part of the adjoining land cut over, known as the Rogers and Burgess lots, on which the defendant had acquired the right to cut all the timber and poles. He claimed that the plaintiff had failed to show title to the land in dispute, and that if he had shown title, the defendant's cutting upon it was under the honest belief that it was part of the Rogers and Burgess land, and therefore that he was only liable for the actual value of the trees cut. The defendant being a witness in his own behalf was asked by his counsel the following questions : " Now won't you state to the jury what size trees you cut on the Rogers and Burgess lots, and how you paid the choppers, that is, by what rate ? " " Now Mr. White, what were your instructions to your choppers with reference to cutting trees, and especially relating to dimensions ? " On objection, these questions were excluded, and such exclusion is assigned as error.

The first question clearly had no relevancy to the issue to be determined by the jury. The claimed purpose of the second was to show that only trees above a certain size, ten or twelve inches, were ordered to be cut, and that the smaller sticks were therefore cut without authority. It is possible that this evidence would have been admissible upon the question of damages, had it appeared or been claimed, in connection with the offer, that the cutting of the smaller stuff was not necessary to the cutting and removal of the larger timber from the tract in dispute. No claim of this kind was made, however. The defendant

having set his choppers to work to cut the larger timber upon the tract in question, would be responsible, clearly, for the necessary consequences. The evidence, therefore, was properly excluded.

There is no error.

In this opinion the other judges concurred.