John McWilliams et als. *vs.* John R. McNamara.

Second Judicial District, Norwich, October Term, 1908.
Baldwin, C. J., Hall, Prentice, Thayer and Roraback, Js.

An application to rectify an appeal under General Statutes, § 801, will not be entertained by this court if it does not appear that the trial court or judge was first asked to make the desired correction. Under such circumstances it is immaterial whether the opposing party has filed a sworn answer to the application as required by § 14, p. 270, of the Practice Book.

Having sold and conveyed part of a business block in fee, together with a right to the "sole use, occupancy and improvement" of a certain portion of the adjacent basement and cellar, the grantor reserved the right to pass and repass "through these conveyed premises" to his own cellars, which were in that portion of the block which he still retained. *Held* that the "conveyed premises" through which the way reserved might pass included the adjacent basement and cellar as well as all the rest of the real estate granted, and that inasmuch as it appeared that the most direct, natural and convenient way for the grantor to reach his cellars was through such adjacent cellar, that direction or route might properly be said to have been the one contemplated by the parties, in accordance with whose intent the deed must therefore be construed.

An error of the trial judge in submitting the construction of a deed to the jury instead of passing upon it himself as a question of law, is immaterial if the jury reach the correct result.

Argued October 20th—decided October 29th, 1908.

Action in the nature of trespass *qu. cl. fr.*, brought to the Court of Common Pleas in New London County and

tried to the jury before *Noyes, J.;* verdict and judgment for the plaintiffs, and appeal by the defendant. *No error.*

*William H. Shields* and *Donald G. Perkins,* for the appellant (defendant).

*Gardiner Greene,* for the appellees (plaintiffs).

THAYER, J. An application to rectify the appeal, under General Statutes, § 801, by striking certain words from, and by adding certain words and paragraphs to, the court's finding of facts, has been filed in this court by the appellant. An affidavit of counsel, that all the facts stated in the application are true, is annexed to the application. No answer to the application, as required by § 14, p. 270, of the Practice Book (1908), has been filed. The appellant insists that the appeal should, therefore, as a matter of course, be rectified in accordance with the application under Rule 14. The appellees claim that the application should not be entertained, but should be dismissed for several reasons. The first is because it shows no previous application to the trial judge to rectify.

The statute is explicit that an application of this kind shall not be entertained by this court unless the party making it has, previous to the notice thereof to the opposite party, requested the court or judge allowing the appeal to make the correction applied for. It is important that this should be done, as the correction asked for, if proper, would presumably be made by the trial judge on such request, and a trial of the question of fact in this court would thus be avoided. As such request of the trial judge does not appear to have been made, the application cannot be entertained, and is dismissed upon the first ground stated by the appellees. It is unnecessary to consider the others.

The parties are agreed as to the following facts: In 1850

one Daniel B. Miner was the owner of a lot of land in the city of Norwich, on the southeast corner of Main and Ferry streets, with a brick block of two buildings standing thereon. The main floor of said block was adapted for and has always been used for stores fronting on Main Street. Under said Main Street floor there was a basement, and beneath the basement a cellar, each of which extended under the whole block. A brick wall extended through the cellar from north to south, and a stone wall extended through it from east to west. In these walls there were openings permitting access from one part of the cellar to the others. The basement was divided into three parts fronting on Ferry Street, called the north, middle, and south basements respectively. This division was made by a brick wall, in which there were no openings, standing upon said stone wall through the cellar, and by a board partition nineteen feet northerly of the brick partition. As Ferry Street runs southerly from Main Street the level of the ground falls away, the street level at the south end of the block being considerably lower than at the street corner. The basement floor at the southwest corner was on a level with Ferry Street. On December 25th, 1850, said Daniel B. Miner made a conveyance to his brother, Erastus P. Miner, of the western half of said block, with such reservations and privileges as are therein stated. The description of the premises, so far as this case is affected thereby, was as follows: "Beginning at the corner of the said brick building on the corner of said Main and Ferry Streets; thence South 85° East twenty-four feet abutting Northerly on said Main Street, to the center of the front of the Brick Block of Buildings lately erected by E. P. Miner & Co.; thence South 1° East along the center of the dividing wall in the cellar of said Brick Block of Buildings, abutting Easterly on my remaining part of said Brick Block of Buildings, fifty-one feet and four inches to land of David Congdon; thence South 89° West twenty-

four feet abutting southerly on said Congdon's land to said Ferry Street; thence North 1° West fifty-four feet abutting westerly on said Ferry Street to the place of beginning. . . . And it is hereby understood and agreed that the said Erastus P. Miner his heirs and assigns forever shall have the sole use, occupancy and improvement of so much of the Basement and cellar under it, of the remaining part of mine, the said Daniel B. Miner's said Brick Block of Buildings, as is contained in the following description, viz.: Beginning at a point on the Easterly side of said Ferry Street twenty-two feet southerly from the Northwest corner of these conveyed premises; thence Easterly at right angles with said Ferry Street as the wood partition in said basement now stands, to the easterly basement wall of my remaining part of said Brick Block of Buildings; thence southerly by said basement wall nineteen feet to a brick partition wall; thence westerly by said Brick partition wall to sd. Ferry Street; thence Northerly by the Easterly line of said Ferry Street nineteen feet to the place of beginning. And it is also further understood and agreed that I the said Daniel B. Miner do hereby reserve to myself my heirs and assigns forever, the sole use, occupancy and improvement of so much of the basement and cellar under it, of these conveyed premises as is contained in the following description, viz.: Beginning at the Northwest corner of these conveyed premises at the corner of said Main & Ferry Streets; thence easterly on the line of the North basement wall twenty-four feet to the dividing wall before mentioned; thence Southerly on the line of this said dividing wall to the wood partition in said basement, before mentioned thence westerly on the line of sd. wood partition twenty-four feet to said Ferry Street; thence Northerly on the easterly line of said Ferry Street twenty-two feet to the place of beginning. And it is also understood and agreed that I the said Daniel B. Miner do hereby reserve to myself, my heirs and assigns forever the right to pass and

repass through these conveyed premises to the cellars in my remaining part at all times and for all purposes, at the second door in the basement North from the Southwest corner of said Buildings on said Ferry Street."

In 1904 the property and rights in said block which remained in said Daniel B. Miner after this conveyance became vested in the defendant, and all the property and rights conveyed to said Erastus P. Miner by said deed became vested in the plaintiff in 1905. At the time of said conveyance there was no wall or partition of any kind extending from Ferry Street through the cellar to the east wall of the building, except the stone wall before mentioned, and no other ever existed there until the property passed to the defendant. In 1906 he erected a partition in the cellar, extending from Ferry Street to the east wall of the building, underneath the board partition in the basement mentioned in the Miner deed. There were at the date of the conveyance four doors opening into the basement from Ferry Street, one into the north basement, two into the middle basement, and one into the south basement. The second door north from the southwest corner of the building entered the middle basement slightly above the level of the street. Inside this door was a landing, and from this landing a flight of stone steps led down to the cellar. This landing and the opening to the stairs was not fenced in until after the plaintiffs acquired the property, and it was thus possible to pass from the landing to other parts of the middle basement. After the plaintiffs purchased the property they fenced in this landing and opening. In the east end of the north basement there was a flight of stairs, entered through a trap-door, leading down to the cellar. After the erection of the fence by the plaintiffs, the defendant entered the second door and cut the fence down, and, after the plaintiffs had replaced it, he again entered and cut it down. He also cut a doorway through the wooden partition which separated the northwest basement

from the west middle basement.   This action is brought for these alleged trespasses.

The defendant justified under the claim that he had, under the Miner deed, a right of way to his northeast cellar by crossing the middle basement to the north basement and thence through the north basement and down the stairs through the trap-door to the cellar.

The plaintiffs claimed that his only right of way to the northeast cellar was down the stone steps to the cellar and thence through the east middle cellar.   The parties upon the trial were at issue as to whether there was originally a door or opening in the wood partition separating the north from the middle basement.   The defendant claimed that there was such a door as a part of the original construction, and that it had always continued until the plaintiffs bought the property.   The plaintiffs claimed that there was never a door or opening there until as late as 1891, when one Otis, who was then a tenant of both basements, obtained permission to make an opening between them, which at the termination of his tenancy was permanently closed.   Evidence was offered as to the existence or nonexistence of such opening.   The situation may be better understood by a reference to the following diagrams of the basement and cellar:—

McWilliams *v.* McNamara.

BASEMENT

CELLAR

The disputed doorway cut through the wood partition between the north and middle basements is at A. The fence which was cut down was at B. The broken line running through the cellar from west to east represents the partition between the cellars built by the defendant after he acquired the property. The dotted line in the basement represents the claimed right of way under which the defendant justifies. The dotted line C. E. from the foot of the stairs in the cellar plan, indicates the line of the defendant's right of way to the northeast cellar, as claimed by the plaintiffs.

The defendant requested the court to instruct the jury that it was for the court to construe the deed relating to the right of way and determine the meaning of the same. He also requested an instruction that the words "these conveyed premises," in the reservation of the right of way in the Miner deed, meant the land and building thereon constituting the west half of the brick block, and did not include or mean the portion of the cellar under the east half of the block, of which the sole use, occupancy and improvement were granted to Erastus P. Miner in said deed; that the right reserved to pass and repass through "these conveyed premises" did not reserve or include the right to go through the middle cellar under the east half of the brick block; and that under the deed the defendant had the right to enter at the second door named and pass and repass for all purposes from said door through the basement in the most convenient way to and through the opening in the wood partition, and so to the northeast corner basement in his own building, and thence through the trap-door and stairway to the northeast cellar, and that this was the only way which, under the right reserved, he could take to said cellar.

The court instructed the jury that the construction of the deed was for the court; that the deed conveyed to Erastus P. Miner the west half of the brick block, with

the exception of the northwest cellar and basement, and with the exception of certain rights, one of them being the right in question, and also conveyed to him the middle eastern cellar and basement. As to the reservation of the right of way, the jury were told that the court did not construe it, as claimed by the defendant, as only reserving a right of way from the door at Ferry Street across the plaintiffs' basement to the defendant's own premises and cellar, but that it could as well refer to a way down the cellar stairs, through the plaintiffs' rear cellar, and thence to the defendant's cellar, and that the deed reserved a way between two places, namely, the outside door and the northeast cellar, without specifically defining its location. The court left it for the jury to determine from the evidence whether the location of the way was that claimed by the defendant, across the plaintiffs' middle basement, and instructed them that if they did not find that to be its location, the verdict should be for the plaintiffs.

The defendant has not appealed from the instruction wherein the jury were told that the deed conveyed the east middle cellar to the grantee, Erastus P. Miner. We are not called upon, therefore, to inquire into its correctness. "A grant of the rents, issues, and profits of a tract of land is the grant of the land itself. If the grant be of the uses of and dominion over land, it carries the land itself." 3 Washburn on Real Property (3d Ed.), p. 333. It is apparent from the transaction and the situation of the property, that the parties intended that the property above the main floor should be divided by the north and south line through the center of the brick wall in the cellar, and that the basement and cellar should be divided from east to west, and that the grantor, his heirs and assigns, should have the sole use, occupancy and improvement of the north basement and cellar, and that Erastus P. Miner, his heirs and assigns, should have the sole use and occupancy of

the middle basement and cellar, subject to a right of way to Daniel B. Miner's three cellars. The language of the reservation was used with this intent in the minds of the parties, and we think that the words "these conveyed premises" in the reservation, included the east middle cellar and basement, whether the deed conveyed the land or only granted an easement therein. The right of way, therefore, could as well be over the east middle cellar as any other part of the conveyed premises. The grantor could reserve his right of way out of the exclusive use and occupancy of the east middle cellar as well as out of the fee of the land, if that were conveyed.

The defendant claimed that the court should have instructed the jury as to the location of the way. There was only one contested fact bearing upon the question, namely, whether there was at the time of the conveyance between the Miners a door or opening at A. through the partition between the middle and northwest basements. In view of the admitted facts, this fact was of no importance. The way over the middle basement would not reach the northeast cellar or the stairs leading thereto. The grantor must, after having crossed the plaintiffs' basement, pass through the northwest basement and then the northeast basement to the trap-door, and thence down the stairs, to reach the cellar. This is neither a natural nor convenient way. The door and stone steps leading to the cellar from Ferry Street was manifestly the way provided for reaching the cellar when the building was built. From the foot of the stairs each of the six cellars, or compartments of the cellar, could be reached. This was the natural and convenient way to each of the cellars, and must have been the one contemplated by the parties to the deed. We think, therefore, that the court, regardless of the contested fact, should have instructed the jury that the location of the way reserved in the deed was as claimed by the plaintiffs; and that in failing to do so, and leaving it for the jury to de-

termine the location, the charge was too favorable to the defendant. The jury having found for the plaintiffs, reached the same result that would have been reached had such a verdict been directed, and there is, therefore, no occasion to consider the other questions raised on the appeal.

There is no error.

In this opinion the other judges concurred.