DARIUS BRISTOL, ADMINISTRATOR, *vs.* WALTER PITCHARD ET ALS.

Third Judicial District, Bridgeport, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

A complaint by a conservator charged the defendants with fraudulently obtaining money from the plaintiff's ward, by taking advantage of his mental weakness and pretending to help him take care of his money, but with the design of unlawfully appropriating it to their own use, which they afterward did; and claimed "by way of equitable relief," among other things, a money judgment for $550, and "such other general or specific, legal and equitable relief, or both," as the plaintiff should be entitled to. *Held:*—

1. That upon a denial of these averments an issue was raised which, prior to 1880, would have been "properly cognizable in equity," and therefore under General Statutes, § 720, the plaintiff had no absolute right to a jury trial, and the defendant, who did not wish one, had an absolute right to a trial by the court, in the absence of an order by the court to the contrary.

2. That all the issues of fact were such as might have been submitted to a jury (Public Acts of 1905, Chap. 236), had the trial court in

its judicial discretion seen fit to grant the plaintiff's motion; but that error could not be predicated on its denial.

Leave to amend a complaint two years old, which had already been repeatedly amended, may well be refused by the trial court in the exercise of its discretion.

Service of an application to rectify the finding under General Statutes, § 801, made upon one of several counsel for the opposing party, is service upon all; and if such application is not answered within seven days, it will be taken as true.

Corrections of the finding which are not necessary to support, nor calculated to strengthen, the appellant's claims of law, will be denied.

Argued November 12th—decided December 18th, 1908.

ACTION by a conservator, founded on a claim for moneys obtained from his ward, brought to and tried by the Court of Common Pleas in Fairfield County, *Scott, J.;* judgment for defendants. *No error.*

*Howard W. Taylor*, for the appellant (plaintiff).

*Leonard J. Nickerson*, for the appellees (defendants).

BALDWIN, C. J. The only exceptions pursued by the appellant relate to the refusal of a trial by jury.

The original complaint was by a conservator, and charged the defendants with fraudulently obtaining money from the ward, by taking advantage of his mental weakness, under a trust to help him take care of it, but with the design of unlawfully appropriating it, which they afterward did. The plaintiff claimed "by way of equitable relief" several specified kinds of judgment, the last two being: "4. A money judgment for $550 damages. 5. Such other general or specific, legal and equitable relief or both, as plaintiff shall be entitled to."

By successive amendments of the writ, different plaintiffs were substituted, and the complaint slightly remoulded, but the averments as to the matters of fraud and trust,

and the last two prayers for judgment remained substantially the same. Issues of fact were duly joined.

With certain exceptions not material on this appeal, "civil actions involving such an issue of fact as, prior to January first, 1880, would not present a question properly cognizable in equity," must be entered in the docket as jury cases on the written request, seasonably made, to the clerk, by either party, and may be so entered at any time by order of the court. General Statutes, § 720. The plaintiff made such request, in due season, and also moved for an order of court that the case should be put upon the jury docket for the trial of the main issues. This motion was denied.

The issues closed were plainly such as, prior to January 1st, 1880, would have been properly cognizable in equity, and the various claims for judgment were all made "by way of equitable relief." The plaintiff, therefore, had no absolute right to a jury trial, and the defendant, who did not wish one, had an absolute right to a trial by the court, in the absence of an order by the court to the contrary. *Fuller* v. *Johnson*, 80 Conn. 493, 495, 68 Atl. 977. There can also be no question that all the issues of fact were such as might have been submitted to a jury. Public Acts of 1905, p. 441, chapter 236; *Meriden Savings Bank* v. *McCormack*, 79 Conn. 260, 262, 64 Atl. 338. But whether the court should or should not grant the plaintiff's motion for an order to that effect fell within its judicial discretion, and error cannot be predicated on its denial.

Very soon after the decision upon it, but two years after the commencement of the action, the plaintiff moved for leave to amend the body of his complaint and also to add a claim for damages "by way of legal relief." Leave was denied, and in view of the long period during which the cause had been pending, and the successive amendments to which the complaint had been already subjected, this ruling was fully within the discretion of the court.

An application to rectify the finding, under General Statutes, § 801, was made by the plaintiff, duly verified, and service was seasonably made on one of the counsel for the appellees. Several months afterward, another of their counsel, to whom they had entrusted the argument of this appeal, and who had had no previous notice of the proceeding, found the application in the printed record, and at once filed an answer denying certain paragraphs of the application.

Service on one of several counsel for the same party is service upon all, and, for want of an answer within seven days, the application was taken as true. Practice Book (1908), p. 270, § 14; *Avery* v. *White*, 79 Conn. 705, 66 Atl. 517. It was, however, denied, because none of the corrections asked were necessary to support or calculated to strengthen the plaintiff's claims of law. *Adams* v. *Turner*, 73 Conn. 38, 47, 46 Atl. 247.

Other reasons of appeal are specified, but they are too obviously without merit to justify discussion.

There is no error.

In this opinion the other judges concurred.