SHERWOOD G. AVERY *vs.* CHARLES WHITE.

Second Judicial District, Norwich, April Term, 1910.

HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

The refusal of the trial court to allow an amendment of the answer after the jury has been impanelled is a matter resting in its discretion.

A judgment for wrongfully cutting trees on the plaintiff's land after a certain date is not a bar to an action then pending for trees which were cut before said date.

For the purpose of discrediting the accuracy and reliability of the plaintiff's count of the trees which had been cut upon his land by the defendant, he may be asked on his cross-examination if he had not testified in another action that a much larger number had been cut subsequent to a certain date than his whole land contained according to the evidence of the defendant and his witnesses who had counted the stumps; since this might convince the jury that he had either included in his count trees cut upon the adjoining land, or had made some other mistake, or was testifying falsely. That the plaintiff did so testify in the earlier action is also provable by independent witnesses. But such evidence is not admissible to show that the plaintiff had already recovered for the trees sued for in the present action, in the absence of a plea or answer to that effect.

The defendant sought to show how many trees had been cut upon other lots in the vicinity during a number of years. *Held* that such evidence was irrelevant to the issues before the jury and was properly excluded.

Argued April 27th—decided June 14th, 1910.

ACTION to recover the statutory penalty for wrongfully cutting trees on land of the plaintiff, brought to the Court of Common Pleas in New London County

and tried to the jury before *Waller, J.;* verdict and judgment for the plaintiff for $500, and appeal by the defendant. *Error and new trial ordered.*

*Hadlai A. Hull,* for the appellant (defendant).

*William H. Shields* and *Donald G. Perkins,* for the appellee (plaintiff).

THAYER, J. This was an action brought on the 29th day of October, 1901, to recover for trees cut upon the plaintiff's land prior to that date. On the 13th day of November following, the plaintiff brought another action in the Superior Court against the same defendant for trees cut upon the same land subsequent to the 28th day of October, 1901. That action was tried several years ago and came before us on appeal in 1907. See *Avery* v. *White,* 79 Conn. 705, 66 Atl. 517. The plaintiff recovered a substantial judgment in that action. After the jury had been impanelled in the present case, on March 23d, 1909, the defendant asked permission to amend his answer filed in June, 1902, by adding a third defense setting up the judgment in the Superior Court in bar of this action. The court refused the request as a matter within its discretion, but informed the defendant's counsel that he would be permitted to offer evidence to show that the former judgment, described in the proposed third defense, was between the same parties and for the same cause of action as the present suit, and if the court should become satisfied that it was, it would permit the amendment. The defendant having produced the file in the Superior Court case, and offered evidence to prove that the parties therein were the same as in this, the court refused to permit the amendment to be filed.

It was within the court's discretion to disallow the

amendment when offered. The defendant had had
sufficient time after the case went to judgment in the
Superior Court to offer the proposed amendment and
ask for its allowance prior to the assignment of the pres-
ent case for trial and the impanelling of the jury. It
would have been no abuse of the court's discretion,
therefore, to deny the defendant's motion to amend,
even if the court had received no evidence as to the
validity of the defense. But it appears from the com-
plaints in the two cases that they are not for the same
cause of action. The cutting complained of in the action
in the Superior Court, as already stated, is of trees cut
after the present action was brought. This action is
for cutting trees on the plaintiff's land prior to Octo-
ber 29th, the date of the complaint. A recovery for trees
cut subsequent to that date would be no bar to a re-
covery for those previously cut. The court, therefore,
properly refused to permit the amendment to be filed
after the defendant had introduced his evidence.

The plaintiff's land upon which the cutting occurred
adjoined a tract of land upon the south called the
"Rogers tract" and upon the west a tract called the
"Burgess tract." The defendant had purchased the
standing timber on those two tracts prior to October,
1901. Upon the trial he claimed that he began to cut
the timber on those tracts on October 22d, and did not
reach the plaintiff's land, or cut any trees thereon, until
the 29th of October. He admitted that after that date
he cut all the trees upon the plaintiff's lot in the belief
that it was a part of the Rogers and Burgess land. He
claimed, and offered witnesses who had counted the
stumps to prove, that only two hundred and fifty-five
trees were cut upon the plaintiff's lot. The plaintiff
claimed that two hundred and fifteen trees were cut
upon his land by the defendant prior to October 28th.
The plaintiff was called as a witness in his own behalf

and testified that he had taken part in counting the trees so cut. The defendant, for the purpose of discrediting the witness and showing that his count was not correct, asked him upon cross-examination if he did not in the trial in the Superior Court testify that four hundred and fifty-five trees had been cut upon the same land subsequent to the 28th of October. For the same purpose, and for the additional one of showing that in the Superior Court the plaintiff had already recovered for the trees sued for in this action, the defendant offered evidence to prove that upon the trial in the Superior Court the plaintiff testified that the defendant cut four hundred and fifty-five trees upon the plaintiff's land subsequent to October 28th. This evidence was excluded.

As the defendant admitted that he had cut two hundred and fifty-five trees upon the plaintiff's land, the substantial issue between the parties was whether the trees, or any of them, were cut prior to October 29th. The plaintiff claimed that they were. The defendant claimed the contrary. Anything which tended to discredit the plaintiff, or show that he included in his count trees which were not cut upon his land, was proper cross-examination. If the jury believed the defendant's evidence that only two hundred and fifty-five trees were cut upon the plaintiff's lot, the fact that the plaintiff had testified in the former action that four hundred and fifty-five trees were cut upon it subsequent to October 28th would tend to discredit him as a witness. It would show that in the two actions he was claiming, and testifying in support of the claim, that six hundred and seventy trees had been cut upon his lot. This would tend to convince the jury either that he had included in his count trees cut upon the adjoining land, or had made some other mistake in his count, or that he was wilfully testifying falsely. If he

was mistaken in his count, or included in it trees cut upon other land than his own, the trees sued for in this action might have been among those erroneously counted. The offered evidence was therefore competent upon cross-examination for the purposes indicated. It was also competent to prove the same facts by independent witnesses, to discredit the plaintiff's testimony. The evidence was therefore improperly excluded when offered for these purposes.

It was not admissible for the other purpose for which it was offered, namely, to show that the plaintiff had already recovered judgment for the trees sued for in this action. No such issue is raised by the pleadings, and the evidence when offered for this purpose was properly excluded.

The evidence of Pitcher and Chapman, witnesses called by the defendant, was properly excluded. The former was asked as to the number of trees cut within six years on land east of the easterly line of the claimed cutting, and the latter was asked as to the number of trees cut within the same period upon land lying west of a virgin forest which was claimed by the plaintiff to lie some distance east of the east line of the cutting. Answers to these inquiries could in no way aid the jury in determining the issues before them, and were therefore irrelevant and immaterial.

There is error and a new trial is ordered.

In this opinion the other judges concurred.