## MARIA SANSONA vs. GIAN B. LARAIA, EXECUTOR (MARIA SANSONA'S APPEAL FROM PROBATE).

First Judicial District, Hartford, January Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Strictly speaking, there can be no "finding of facts" in a case tried to the jury, since they alone are to determine what facts are established by the evidence. The statement or narrative by the trial judge of what occurred upon the trial is, however, in a sense, a finding, and this may be corrected if the desired correction is material for the proper presentation of the appeal.

A duly-executed will by one of sound mind is presumed to be a valid instrument, and the burden rests upon those who challenge its validity to make good their contention.

Mere inability to understand English does not prevent one from making a valid will in that language, since he may express his testamentary desires in his own tongue through an interpreter and receive from the latter a full explanation of the provisions of the will as drafted for his signature. If, however, the testator signs the will under a misapprehension or misrepresentation as to its meaning, and its provisions are not those to which he intended to subscribe, then the paper in question is not his will.

An instruction to the jury need not follow the precise language of the request.

It is for the jury to determine the weight of evidence, and therefore the trial court may very properly refuse to set aside a verdict where the testimony is conflicting.

A witness for the contestant having testified that the testator was not very familiar with the English language, was asked on cross-examination whether he did not think the testator, if he wanted to leave a couple of thousand dollars to his daughter, could talk English well enough to express that to the scrivener of the will. *Held* that the enquiry was designed to give the jury an insight into the testator's ability to understand English, and was therefore admissible as proper cross-examination.

Argued January 14th—decided March 19th, 1914.

APPEAL by the plaintiff from an order and decree of the Court of Probate for the district of Hartford approving and admitting to probate the will of Pietro A.

Laraia of Hartford, deceased, taken to the Superior Court in Hartford County and tried to the jury before *Case, J.;* verdict and judgment for the defendant, sustaining the will, and appeal by the plaintiff. *No error.*

*Joseph L. Barbour* and *Salvatore D'Esopo,* for the appellant (plaintiff).

*Sidney E. Clarke,* for the appellee (defendant).

THAYER, J. The application to correct the appeal is dismissed. What is sought by it is to have the court's finding corrected. Only the first of the corrections asked for would be proper in a finding by the court in a jury case. The others are findings of fact to be made from the evidence, which was for the jury. The first is only a fuller statement of the appellant's claim than that which the court made. The latter was sufficient for the purposes of the appeal.

The appellant's sole claim was "that the testator was so unfamiliar with the English language, which was the language employed by the scrivener who drew the will, that he did not understand or comprehend the alleged provisions of said will, and did not have capacity to make said will in the sense of being able to intelligently and understandingly converse with the scrivener as to the provisions of said will, or to convey to the said scrivener his wishes concerning the disposition of the property." This, which is the claim of the appellant as stated in her application for correction of the appeal, is substantially her claim as stated in her reason of appeal, and the court has found that she offered evidence tending to prove the testator's ignorance of the English language and inability to converse in it intelligently.

The court, after stating to the jury in the early part

of the charge the appellant's reasons of appeal, instructed them that if it should appear that the testator "was induced to sign the paper under some misapprehension as to its meaning, or by the misrepresentation of some one else as to its meaning, and that the provisions of the will as formulated in it, were not the provisions that he intended to subscribe to, and that he supposed he was subscribing to, then the paper could not be regarded as his will." Later in the charge the court told the jury that if after investigation they were satisfied that the paper offered was the last will of Mr. Laraia, and was executed by him in conformity with the statutory requirements, they should "from that point take up the issue which at this point is imported into the case here, and upon which issue the contestant bears the burden of proof. On this issue, unless you find that the paper was executed under an honest misapprehension as to its contents, or was secured from Mr. Laraia by deceit or misapprehension as to what it contained, and in either event did not express his own free wishes and intentions, . . . I say unless you find these essential facts proven by a fair preponderance of the evidence, you must sustain the will." Error is assigned on this part of the charge as "restricting within too narrow limits the opportunities of which the appellant might avail herself in contesting the will."

If the appellee sustained his burden by showing that the testator at the time he executed the will was of sound mind and that the will was duly executed by him, the presumption would be that it was a valid will. If it was not so, but had been improperly obtained, the burden was upon the contestant to show it. *Rockwell's Appeal*, 54 Conn. 119, 121, 6 Atl. 198.

Paragraph two of the amended reasons of appeal states the only sufficient ground assigned for setting the will aside, and that is, that the testator did not

understand the English language sufficiently to have understood the terms of the will and did not understand its meaning. The jury were previously told that the paper could not be his will if it was signed by him under a misapprehension of its meaning, and if the provisions of the will were not those which he intended to subscribe to. The charge did not restrict the appellant's opportunities in contesting the will; in other words, did not impose upon her any burden which the law did not impose upon her. If, through ignorance of the English language, the testator did not express his testamentary wishes properly to the scrivener, so that the latter did not by the language used express the testator's intent, and he, through his ignorance of the language, did not understand the terms of the instrument when he signed it, and thus subscribed an instrument containing provisions to which he did not intend to subscribe, it was open to the appellant under the charge to prove those facts, and the jury were told, in substance, that if she established them the instrument offered for probate was not the testator's will. It was not enough for her to prove that the testator was ignorant of the language. That might be so, and the instrument still be his will. His wishes might be imparted to the scrivener in other ways than by oral communication and by another than the testator himself, as by an interpreter employed for the purpose. And the terms of the will, in the same way, might be communicated and explained to him through an interpreter or another than the scrivener, although the testator was incapable of understanding the terms of the will by which his testamentary intentions were expressed. The charge was well adapted to the case which was presented by the testimony and claims of the parties, and correct in its statement of the law.

In her fifth reason of appeal the appellant alleges as

error that the court erred in not charging certain language therein indicated and contained within quotation marks. There was no request that the court should so charge, and this is an improper way of assigning error. As the court correctly charged upon the subject to which this assignment of error refers, it would not have been error to refuse to charge in the precise language indicated, had it been requested to do so.

A motion was made to set aside the verdict as against the evidence and denied, and this is assigned for error. The claim is that the evidence showed that the testator did not understand English sufficiently well to give instructions to the scrivener, nor to understand the terms and meaning of the will, and did not understand them. These were contested matters, and there was evidence from which the jury might have found that the testator understood English well enough to explain to the lawyer who drew the will what his wishes were, and so that he could understand the meaning of the will when it was read and explained to him. It was not necessary that he should fully understand the meaning of the legal terms used upon a mere reading. A foreigner who cannot read English, or understand it when read or spoken, may, through an interpreter's intervention, make a valid will or deed written in that language. The weight of the evidence was for the jury, and the court properly refused to set their verdict aside.

A witness, Burton F. Newton, being called by the contestant to support her claim that the testator did not understand the English language, was asked upon cross-examination this question: "If he [meaning the testator] wanted to leave a couple of thousand dollars to his daughter, don't you think he could talk English well enough to tell his attorney he wanted to leave her $2,000?" The form of the question was objected to, because it did not follow the language of the will. The

purpose of the question was to show that the testator had sufficient knowledge of English to make his testamentary wishes known to the attorney to whom he had applied to draft the instrument, and was proper cross-examination. It tended to give the jury an insight into the testator's ability to understand English. One of the bequests contained in the will was $2,000 to his daughter, the contestant. If he understood the language well enough to dictate the gift, it is presumable that he understood it sufficiently to enable him to comprehend the language of the will making the bequest, when explained to him by the attorney, if not from the reading of the will.

For the reasons stated in refusing the motion to rectify the appeal, the motion to correct the finding was properly denied by the trial court. The finding properly states the facts pertaining to the trial and the claims of the appellant. There was no occasion for a change in it.

There is no error.

In this opinion the other judges concurred.