FELICE QUARATIELLO *et al. vs.* VINCENZO DI BIASI.

FEBRUARY 2, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Wills.*

Where it is not shown that a testator was of unsound mind or that a will was defective in form or execution, the burden is on a contestant to show that the will was improperly obtained.

*(2)   Wills. Interpreter.*

A person who does not understand the language in which a will is written may make a valid will with the assistance of an interpreter.

*(3)   Wills. Presumptions.*

There is always a presumption that one knows the contents of a writing which he signs until the contrary is shown, and this presumption applies with peculiar force to wills.

PROBATE APPEAL.  Heard on exceptions of appellants and overruled.

VINCENT, J.   On December 31, 1918, Domenico Rosano, then a resident of Barrington in the State of Rhode Island, executed an instrument purporting to be his last will and testament whereby he gave, devised and bequeathed all his estate real and personal to Vincenzo Di Biasi.   On August 14, 1919, said instrument was duly admitted to probate by the Probate Court of the town of Warren as the last will and testament of Rosano.   The probate of the will was not contested and a decree was entered accordingly.

On September 15, 1919, the appellants, Felice Quaratiello, Pasquale Quaratiello, Francesco Quaratiello, Filomena Quaratiello, and Joseph Quaratiello, all of Westerly in said State, infant children of Joseph Quaratiello late of said Westerly, deceased, by their duly appointed guardian *ad litem* and next friend, claimed an appeal from the probate of said will to the Superior Court, asserting that they were the heirs at law of said Joseph, deceased.   After a hearing of the case before a justice of the Superior Court, the appellants not having claimed a jury trial, a decision was

rendered sustaining the will and dismissing the appellants' appeal. The appellants thereupon brought their bill of exceptions to this court setting forth (1) that the Superior Court erred in deciding said cause in favor of the appellee; (2) that the court erred in deciding that the instrument offered for probate was the last will and testament of Domenico Rosano; and (3) that on the evidence presented the court erred in ordering a decree dismissing the appeal and confirming the probate of the alleged will.

We are not called upon to construe any of the provisions of the will. The contention of the appellants is that the evidence presented to the Superior Court is insufficient to establish the instrument as the last will and testament of Domenico Rosano, it not having been shown by any competent testimony that the testator knew and understood its contents and meaning.

On December 31, 1918, Vincenzo Di Biasi, Emilio Rossi, and Domenico Rosano visited the office of Mr. Frederick P. Church, the town clerk of Barrington, for the purpose of enlisting his services in the preparation of a deed conveying certain lots of land from Di Biasi to Rosano.

Mr. Church was not acquainted with Di Biasi but knew him by sight. Rosano he had never seen before. Rossi he had known for quite a long time and apparently considered him a man worthy of confidence.

The matter of the deed having been disposed of, we come to the occurrences which followed which are material to the consideration of the questions before us and in which Rossi participated as interpreter, Rosano being unable to speak and apparently unable to understand the English language, at least to any serviceable extent.

Rossi, following a brief conversation with Rosano, informed Mr. Church that Rosano wanted "to make a paper." Mr. Church asked if it was a deed and was answered in the negative. Mr. Church then proceeded to question Rosano, through Rossi as interpreter, with a view to ascertaining the nature of the paper which he desired, and in making use

of the word "*testamentum*" interrogatively Rosano nodded his head and Rossi said that that was what Rosano wanted to make.

Upon further inquiry as to the terms of the will, Mr. Church ascertained that it was the desire of Rosano to leave his property to Di Biasi and if the latter should not survive him then to Philomena Di Biasi, his wife. The will was prepared by Mr. Church and was executed by Rosano, who made his mark, and was witnessed by Rossi and Mr. Church. While obtaining the facts necessary to the preparation of the will, Mr. Church testifies that he not only listened to the interpretation of Rossi but watched Rosano who from time to time nodded his assent; that upon completion of the draft he read the material parts of it to Rosano, through the interpreter; and that Rosano nodded his approval and seemed perfectly satisfied. During all the time that Mr. Church was obtaining the information required to prepare the will, Di Biasi was present but did not take part in the conversation. Rossi, the interpreter, does not appear to have had any interest in the matter which would lead him to deceptively interpret the wishes of Rosano.

The questions presented to the Superior Court were largely questions of fact upon which the findings of that court would be determinative if there was testimony in support thereof. There does not appear to be any real conflict of testimony. The appellants claim that the testimony is insufficient to establish the instrument as the last will and testament of Domenico Rosano in that it fails to show that the testator knew and understood its contents and meaning.

Whether this question be regarded as one of fact settled by the adjudication of the Superior Court or one of law to be reviewed here, we fail to find anything in the situation which would justify us in adopting the view of the appellants and sustaining their exceptions to the decision of the court below.

It is not claimed that the testator was of unsound mind nor that the will was defective in form or execution. This being so the burden was upon the appellants to show that the will was improperly obtained. *Sansona* v. *Laraia*, 90 Atl. 28.

That a person who does not understand the language in which the instrument is written may make a valid will with the assistance of an interpreter is well settled. *In re Arneson's Will*, 107 N. W. 21, (Wis.); 1 Alexander's Commentaries on Wills, 581; *Bell* v. *Davis*, 155 Pac. Rep. 1132 (Okl.); *Hoshauer* v. *Hoshauer*, 26 Pa. St. 404.

There is always a presumption that a man knows the contents of a writing which he signs until the contrary is shown and this presumption applies with peculiar force to wills. *In re Rockwell's Appeal*, 6 Atl. 198.

The appellants' exceptions are overruled and the case is remitted to the Superior Court for further proceedings.

*Harry B. Agard, John J. Dunn*, for appellants.
*McGovern & Slattery*, for appellee.