THE STATE OF CONNECTICUT *vs.* H. MORTIMER KELLY.

Third Judicial District, New Haven, January Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, JS.

Only those exceptions to the finding which are contained in his motion to correct, are available to an appellant.

Two remedies for a correction of the finding are open to an appellant: one under General Statutes, § 5829, and the other under § 5836. The latter is peculiarly adapted to corrections requiring the use of evidence outside the record, although it has been used in cases tried to the court as well as to those tried to the jury, where the desired corrections do not require such evidence for their determination.

Section 5829 provides that in a case tried to the jury, either party may file a motion to correct or to add to the finding, or may file exceptions thereto. *Held* that whichever one of these two courses an appellant chose to take, he must pursue his appeal in the manner prescribed in § 5830, and file excerpts of such portions of the evidence as were applicable to each of the desired corrections, or to

each of the exceptions, if the latter are filed; and that merely filing a transcript of what purported to be the entire evidence applicable to all the desired corrections—thus imposing upon the trial judge the duty of selection imposed by the statute and rules upon counsel —was improper, and justified the denial of the motion to correct and the refusal to certify the evidence.

In all cases of appeals under §§ 5829, 5830, only such evidence should be certified as bears upon each of the several corrections claimed.

The method of correcting a finding provided by § 5832, by a certification of the evidence and rulings, applies only to cases tried to the court.

Argued January 22d—decided March 1st, 1924.

APPLICATION by the appellant (the accused) to this court to rectify the appeal by correcting the finding. *Application denied.*

*John H. Cassidy*, for the appellant (the accused).

*William J. Larkin*, for the appellee (the State).

PER CURIAM. Counsel for the accused filed a motion to correct the finding made by the trial court, and at the same time filed exceptions. The exceptions are to certain paragraphs of part I of the finding, and to the refusal of the court to find certain paragraphs of part II as requested in the draft-finding. The motion to correct does not contain reference to part I of the finding, but to the paragraphs set forth in part II of the exceptions, together with new matter not included in the draft-finding. The exception to part I cannot constitute a valid reason of appeal, since it is not a part of the motion to correct. *Young* v. *Shetucket Coal & Wood Co.*, 97 Conn. 92, 95, 115 Atl. 672.

The remedies open to the accused to secure a correction of the finding in a case tried to the jury were two: that under General Statutes, § 5836, and that under § 5829. *State* v. *Klein*, 97 Conn. 321, 326, 115 Atl. 596; *Hartford-Connecticut Trust Co.* v. *Cambell*, 97 Conn. 251,

253, 116 Atl. 186; *State* v. *Gargano,* 99 Conn. 103, 106, 121 Atl. 657. The accused obviously has not pursued the remedy by § 5836. That remedy is particularly adapted to corrections in the appeal record requiring the use of evidence outside the record, although it has been used in cases tried to the court as well as to the jury, where the corrections desired do not require for their determination evidence to be taken outside the record. *Merwin* v. *Backer,* 80 Conn. 338, 347, 68 Atl. 373; *Fisk's Appeal,* 81 Conn. 433, 440, 71 Atl. 559; *Bristol* v. *Pitchard,* 81 Conn. 451, 454, 71 Atl. 558; *McWilliams* v. *McNamara,* 81 Conn. 310, 311, 70 Atl. 1043; *Griswold* v. *Guilford,* 75 Conn. 192, 196, 52 Atl. 742; *Sansona* v. *Laraia,* 88 Conn. 136, 137, 90 Atl. 28; *State* v. *Reynolds,* 95 Conn. 186, 190, 110 Atl. 844; *Hartford-Connecticut Trust Co.* v. *Cambell, supra; State* v. *Klein, supra.* The remedy attempted to be pursued by the accused was that provided by § 5829, viz., by a motion to correct or to add to the finding, and by an appeal from such finding or refusal to find as requested in the manner provided in § 5830. "The finding, in the case of a jury trial, will be corrected only when it is reasonably necessary to fairly present a claimed error in law made by the court." *State* v. *Gargano, supra,* p. 106. Whether the method adopted under § 5829 be by motion to correct or by exceptions, the appellant must on appeal adopt the method of § 5830. A part of that method requires the filing of such excerpts from the evidence as are applicable to each of the corrections or exceptions which form a part of the appeal. The objection to this course, that it may involve the reprinting of the same evidence a number of times, is not tenable, since the refiling and reprinting should be avoided by some form of reference. Section 11 of the Rules of the Supreme Court of Errors (Practice Book, p. 309) likewise requires that the motion to correct, or the excep-

tions, shall be accompanied by a transcript of all the evidence bearing upon each of the several motions to correct, or exceptions, and each exhibit designated as applicable to one or more of the motions or exceptions. Instead of pursuing this course, counsel for the accused has filed a transcript of what purports to be the entire evidence applicable to the corrections claimed, thus imposing upon the trial court the duty of selection which the statute and rules impose upon counsel. The denial by the trial court of the motion to correct and its ruling refusing to certify the evidence were correct. *Hartford-Connecticut Trust Co.* v. *Cambell, supra; State* v. *Klein, supra; State* v. *Gargano, supra.*

The same practice prevails under § 5829 as under § 5830, except that § 5829 provides an additional remedy by way of exceptions. *DeFeo* v. *Hindinger,* 98 Conn. 578, 580, 120 Atl. 314. In all cases under § 5829 and § 5830, only such evidence as bears upon each of the several corrections claimed shall be certified.

The method of correcting a finding provided by General Statutes, § 5832, is applicable to the correction of findings in a court case and not to a jury case. *State* v. *Klein,* 97 Conn. 321, 326, 116 Atl. 596.

The application of the appellant (the accused) is denied.