## IRVING MARKS vs. DAVID DORKIN.

Third Judicial District, New Haven, June Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

The finding in a jury case is not in the strict sense a "finding," but rather a fair statement or narrative of what took place at the trial, including the evidence and claimed proofs of each party, the rulings and claims of law, and the charge to the jury.

The finding in a jury case should be made with sufficient fullness to present the questions sought to be raised by the appeal, and will be corrected only when it is reasonably necessary to present fairly a claimed error in law made by the court.

There are three statutory remedies for the correction of a finding in a court case: (1) under § 5830 of the General Statutes, by way of motion to correct with exceptions annexed; (2) under § 5832, by filing a copy of the evidence and rulings with the trial court, accompanied by a motion that the same be made a part of the record; and (3) under § 5836, by application for the rectification of the appeal by this court.

There are two remedies for the correction of a finding in a jury case: (1) under § 5829, by way of motion to correct and exceptions; and (2) under § 5836, by application for rectification of the appeal.

It was the undoubted legislative intention that the procedure in jury cases under § 5829 should be identical with the procedure in court cases under § 5830, and to that end the phrase in § 5829, "or may file exceptions," must be construed to read, "and may file exceptions."

The remedy provided by § 5829 is the method, and the only method, of obtaining the exclusion of facts improperly found from the evidence, or the inclusion of facts improperly omitted.

The remedy by application to rectify the appeal under § 5836 is not an alternative method for obtaining the correction of a finding, but is confined to cases where the finding does not correctly state the events or occurrences of the trial and it is necessary to go outside the record to prove them.

If the allegations of an application to rectify an appeal are denied, the conflict can only be determined upon the depositions required to be filed under § 5836, in the absence of which the finding must be held conclusive.

The method of correcting a finding provided by § 5832, by a certifica-

tion of all the evidence and rulings, applies only to cases tried to the court.

Ultimate findings of fact as to the character of the parties' testimony, such as that they testified falsely and for the purpose of deceiving court and jury, have no place in a finding in a case tried to the jury and will be stricken out by this court upon its own motion.

Application denied July 3d, 1926.

APPLICATION by the appellant (the plaintiff) to this court to rectify the appeal by correcting the finding. *Application denied.*

*Charles S. Hamilton* and *Morris M. Wilder,* for the appellant (plaintiff).

*David E. Fitzgerald* and *William L. Hadden,* for the appellee (defendant).

WHEELER, C. J. This was an appeal from the judgment rendered upon the verdict of the jury in favor of the defendant for errors claimed to have occurred in the trial in the charge as made, in the refusal to charge as requested, in both the admission of, and the exclusion of, evidence, in an interlocutory ruling, and in refusing to set aside the verdict. The plaintiff duly filed a motion to rectify the appeal based upon General Statutes, §5836. It is not submitted to us in accordance with the requirements of this section of the statutes. Before pointing out the specific irregularities in this submission, we think it desirable to restate the true function of a finding in a trial to the jury; the difference between a finding in a case tried to the court and one tried to the jury, and the only two methods provided by our statutes for securing a correction of a finding in a trial to the jury. The finding in a case tried to the jury is not in the strict sense a "finding." since the jury determine the facts established by the

evidence, and the finding as made by the court is a fair narrative of what each of the parties offered evidence and claimed to have proved, either by direct evidence, or by legitimate inferences, of the occurrences of the trial, of the rulings and claims of law made, and the instruction given the jury by the court. In a trial to the court, the facts found are the court's best judgment of what the entire evidence establishes; if they stand uncorrected they settle the ultimate facts. In the case tried to the jury, the finding as made does not establish the facts. It is merely a fair statement of the facts claimed to have been proven by each party, and "made with sufficient fullness to present the questions sought to be raised by the appeal." *Elliott* v. *New York, N. H. & H. R. Co.,* 83 Conn. 320, 327, 76 Atl. 298; *State* v. *Reynolds,* 95 Conn. 186, 190, 110 Atl. 844; *Sansona* v. *Laraia,* 88 Conn. 136, 90 Atl. 28; *State* v. *Gargano,* 99 Conn. 103, 106, 121 Atl. 657.

There is also this limitation upon an attempt to correct a finding. It will be corrected "only when it is reasonably necessary to fairly present a claimed error in law made by the court." *State* v. *Gargano, supra,* page 106. Three remedies are open for the correction of the finding in a trial to the court. Section 5830, by way of a motion to correct, with exceptions annexed; or by § 5832, by filing a copy of the evidence and rulings with the trial court, together with a motion that the same be made a part of the record; or by § 5836, by application for the rectification of the appeal by this court. The latter method is, as we said in *State* v. *Kelly,* 100 Conn. 505, 124 Atl. 37, at page 507, "particularly adapted to corrections in the appeal record requiring the use of evidence outside the record," and should be used for this purpose alone and not as an alternative method to §5830. Two remedies are open in the trial to the jury for the correction of

the finding, that of § 5829 (first enacted in 1913), by way of the motion to correct and exceptions, and that of §5836. Section 5829 reads: "Whenever in a case tried to the jury a finding is filed under section 5824 either party may file a motion to correct or to add to such finding, or may file exceptions to such finding, and may appeal from any such finding or refusal to find as corrected in the manner provided in section 5830." The legislature obviously intended to have the procedure in trials to the court and jury outlined in these two sections—5829 and 5830—alike, and to carry out that intent we construe the "or" before "may file exceptions" to read "and." The remedy provided by §5829 is available when facts have been improperly found from the evidence and included in the finding, or improperly omitted from it. It is the only method of correction of a finding in these particulars. Its procedure is that provided in the trial of cases to the court under §5830.

The remedy provided by §5836, by application to this court to rectify the appeal, is available when the finding does not correctly state the events or occurrences of the trial and it is necessary to go outside the record for their proof. *State* v. *Kelly*, 100 Conn. 505, 506, 507, 124 Atl. 37; *Bernier* v. *Woodstock Agricultural Soc.*, 88 Conn. 558, 561, 92 Atl. 160. This method requires the applicant (1) to give the adverse party notice of the intended application in writing stating the alterations required, (2) to request the trial court to make such alterations prior to the filing of the application in this court, (3) to establish the allegations of the application by depositions. (4) If the applicant shall annex to his application the affidavit of his counsel who took part in the trial of the cause that its statements are true to the best of his knowledge and belief, it shall be the duty of the adverse party to file,

within seven days after service upon him of the application, an answer, supported by a like affidavit, specially admitting or denying, in whole or part, each paragraph of the application. Rules of Court, Practice Book, page 310, §15.

In this case the applicant duly made the request to the court and gave the adverse party notice and thereafter filed his application with affidavit. *Avery* v. *White*, 79 Conn. 705, 707, 66 Atl. 517. The adverse party thereafter filed his answer with an affidavit annexed denying all of the allegations of the application except the last paragraph which is not in controversy Upon this conflict as to the facts, depositions must have been filed and the conflict determined upon these. In the failure of the applicant to take depositions the finding of the trial court is conclusive. *McMahon* v. *Stratford,* 83 Conn. 386, 76 Atl. 983; *Wilcox* v. *Downing,* 88 Conn. 368, 370, 91 Atl. 262; *Norman Printers Supply Co.* v. *Ford,* 77 Conn. 461, 469, 59 Atl. 499; *Griswold* v. *Guilford,* 75 Conn. 192, 196, 52 Atl. 742. The applicant has assumed that because all of the evidence was attached to the record on appeal it was available in this court in determining the truth of the allegations of his application. His error arose in mistakenly assuming that the method available under §5832, in trials to the court, was equally available in trials to the jury.

In our examination of the findings we note a number of allegations which are ultimate findings of facts as to the character of the plaintiff's testimony. They have no place in a finding in a trial to the jury and quite likely were inadvertently transferred from the counter-finding of the defendant to the finding by the trial court without considering their especial impropriety in a finding in a trial to the jury. Of our own motion we strike out these findings; in paragraph 7,

"and the plaintiff's testimony in this respect was false, and the plaintiff testified falsely for the purpose of securing a verdict and to deceive the court and jury"; in paragraph 8, "This testimony was false, and the defendant testified for the purpose of aiding the plaintiff to secure a verdict and to deceive the court and jury"; in paragraph 9, "This change in the defendant's testimony was not made in good faith, and was made because 'he realized that his first testimony might damage his chances of recovery and was made to deceive the court and jury"; and all of paragraph 10, "The plaintiff's testimony because of the false statements was not worthy of belief; and the defendant's testimony because of his false statements was not worthy of belief; and the jury were entitled to disbelieve the entire evidence given by the plaintiff and the defendant, and the plaintiff had therefore failed to sustain the burden of proof and had failed to prove the material allegations of his complaint."

The application to rectify the appeal is denied.

In this opinion the other judges concurred.