The facts in this case are as follows: Antonio Biondi, while suffering from a serious illness, requested one Pasquale Maioran to prepare his will. Mr. Maioran complied with the request and drew the will of Biondi, as shown by the testimony. Five witnesses were present when the will was executed and the reading of the testimony shows that the law was fully complied with as far as the provisions of proving wills is concerned under the statute.
The only question raised in this litigation is — was the fact that the will was written in the Italian language instead of the English language sufficient to cause the court to refuse probating the will? The learned judge of the orphans court in deciding that the will in question could not be published because it was written entirely in the Italian language instead of in the English language, relied upon section 17 of the statute relating to amendments (1 Comp. Stat. p. 47), which provides: "That all proceedings, whatsoever, in every *Page 282 
court of law and equity of this state, shall be in the English tongue and language, and in no other tongue or language * * *." With this, I cannot agree. The statute relied upon by the orphans court contemplated only pleadings, process, evidence and practice before the court and concerned itself only with the procedure to be followed in our courts and not with the documents introduced in evidence. 32 Cyc. 405, 406; Taylor v. Reg, 1 Can. Sup. Ct.65, 92.
Were the statute referred to by the orphans court to be given the same literal interpretation in other courts, then no document, whether it be a contract or a patent in the foreign language, could be enforced in our courts of law unless it was written in the English language. It is apparent, of course, that this was not the intention of the legislature in enacting the statute referred to.
A will may be written in any language. It is not necessary that it be in English, nor that it be in any language with which the testator is acquainted. In re Cliff's Trusts (1892), 2 Ch.Div. 229; Sansona v. Laraia, 88 Conn. 136; 90 Atl. Rep. 28; 1Page Wills (2d ed.) § 237.
The court of errors and appeals in In re Gluckman's Will,87 N.J. Eq. 638, has held that a will properly proved to have been executed with the due legal formality by a testator whose testamentary capacity was not questioned is entitled to probate in the absence of fraud, undue influence or mistake in the identity of the document executed, and further held that this burden is sustained by satisfactory proof that the testator was made acquainted with and understood the contents of the will.
In 1 Schoul. Wills (5th ed.) § 259, the rule is stated: "A testament may be written in any language, provided the testator himself understands what the will contains." InAlexander Wills 41 § 37, the rule is laid down: "A will may be written in a foreign language; the testator may have been a foreigner residing abroad. The will is simply translated into English, the translation proved and filed of record. The original should likewise be filed for reference in the event of a subsequent dispute, otherwise the translated copy *Page 283 
is the only one necessary to be considered and it cannot thereafter be attacked."
In view of the authorities which uniformly agree in sustaining the probate of a will in a foreign language, the paper-writing purporting to be the last will and testament of Antonio Biondi should, in my opinion, be admitted to probate as his last will and testament. *Page 284