William B. Fair, late of East Orange in this state, died in 1932, having first executed his last will. At the time of making the will, he was sojourning in Havana in the Republic of Cuba; his will, written in the Spanish language, was there executed in the manner prescribed by the law of Cuba and also in accordance with the law of this state. The original will has not been and cannot be produced in this court, since the law of Cuba requires the original will to remain there.
The fact that the will is written in Spanish presents no obstacle to the probate. In re Biondi, 105 N.J. Eq. 281. Can the difficulty arising from the inability of the proponent to produce the original will be overcome? The jurisdiction of the prerogative court to admit to probate lost wills is well established. In re Schultz, 102 N.J. Eq. 14. In other states it has been held, in analogy with the proof of lost wills, that a copy may be probated under circumstances such as those now presented to the court. Drohen v. Avellar (Mass.),177 N.E. Rep. 583; Pratt v. Hargreaves, 77 Miss. 892;28 So. Rep. 722. These cases will be followed. The copy of the last will and testament of Mr. Fair will be admitted to probate. *Page 331