Starr
*v.*
Scott.

STARR *against* SCOTT:

IN ERROR.

It is an indispensable requisite to the jurisdiction of the commissioners on an insolvent debtor's estate, that they should give the notice prescribed by the act of 1828.

An insolvent debtor's certificate must contain an averment of such notice, in order to protect either the party or the sheriff.

THIS was an action against the plaintiff in error, as sheriff of the county of *Fairfield,* for the escape from gaol of *Hezekiah Newman,* committed on an execution in favour of the defendant in error.

On the trial in the county court, under the plea of *Not guilty,* the original defendant gave in evidence the petition of *Newman,* and the proceedings thereon before the superior court, for the benefit of the act relating to insolvent debtors, and the certificate of the commissioners. The latter was in these words : " Whereas the subscribers were appointed, by the Hon. superior court for *Fairfield* county, at the term of *September,* 1828, commissioners on the estate of *Hezekiah Newman,* adjudged, by said court, to be an insolvent debtor, agreeably to a certain statute law of this state, entitled " An act to authorize the superior court to grant relief in certain cases of insolvency," and having taken the oath in said act specified, we do hereby certify, that said insolvent has, this day, made to us, on his oath, a full and fair disclosure and assignment of all his estate, in conformity to the requirements of said act. In testimony whereof, we have hereto set our hands, this 6th day of *October,* 1828." [Signed by the commissioners.] This was objected to, on the ground, that it was not averred therein, that before the commissioners proceeded to execute the powers conferred on them, they had lodged with the clerk of the superior court a notice of the time and place of their meeting, according to the requirements of the act of *May* 1828. The county court rejected this evidence, and gave judgment for the plaintiff. The defendant thereupon filed a bill of exceptions, and brought a writ of error, in the superior court, which was reserved for the advice of this Court.

*Betts* and *Booth,* for the plaintiff in error, contended, 1. That the statute (*p.* 28. *tit.* 52. *s.* 3.) has prescribed the *form*

of the certificate ; and the act of *May* 1828, has not varied it.

2. That this certificate is according to the form prescribed.

3. That the statute of 1828 is merely *directory* to the commissioners. It does not provide, that the certificate shall be void, if the notice required is not given ; and if it be in fact given, the statute is satisfied, though it should not appear on the face of the certificate.

4. That if otherwise, and if the certificate is invalid as between the parties, still it is a protection to the officer, as the commissioners had jurisdiction of the subject matter and of the person. It is not sufficient that a warrant is defective or informal, but it must be extra-judicial and void, and this must appear upon its face, in order to subject an officer for acts done under it, and in conformity to it. *Sanford* v. *Nichols* & al. 13 *Mass. Rep.* 286. *Stetson* v. *Kempton* & al. 13 *Mass. Rep.* 272. 283. *Beach* & al. v. *Farman,* 9 *Johns. Rep.* 229. *Lampson* v. *Landon,* 5 *Day* 506. Case of the *Sheriff of Hartford County,* cited and stated 1 *Conn. Rep.* 48. *Radkin* v. *Powell* & al. *Cowp.* 476. *Brown* v. *Compton,* 8 *Term Rep.* 424. *Orby* v. *Hales,* 1 *Ld. Raym.* 3. The commissioners are appointed by the superior court ; they return their certificate to that court ; and it is a part of the proceedings before that court to obtain the protection sought by the insolvent petitioner. The certificate, therefore, stands on as high ground as a warrant signed by the clerk of the supreme court.

*Sherman* and *Hawley,* for the defendant in error, contended, That the certificate offered in evidence was no justification of the escape. They particularly insisted,

1. That the commissioners, not having given the notice required by the act of 1828, had no authority to give any certificate whatever. By the express terms of the act, they are required to give such notice " *before they shall proceed to execute any of the powers reposed in them.*" Notice is thus made an indispensable prerequisite of jurisdiction of the subject matter.

2. That if the certificate would not protect the debtor from imprisonment, it would be equally unavailing to protect the officer from liability for an escape. For, in the first place, if the debtor had no right to go at large, the officer had no right to let him go. Secondly, the certificate contains no precept

directed to the officer.   He is not, therefore, within the principle, that where the officer is compelled *to obey*, he is to be protected.   *Brown* v. *Compton*, 3 *Term Rep.* 424. *Wise* v. *Withers*, 3 *Cranch* 331. 337. *Perkin* v. *Proctor*, 2 *Wils.* 382.

3. That the jurisdiction of the commissioners is special and limited ; and the presumption *omnia rite esse acta*, is inapplicable to their proceedings.   The fact that the commissioners were appointed by the superior court, does not enlarge their jurisdiction.   The appointment, of itself, confers no power. They are not officers of that court, nor amenable to it.   Their proceedings are not subject to its revision, nor do they require its sanction.

4. That every thing necessary to be done by the commissioners, to give them jurisdiction and to validate their proceedings, must appear, by explicit averment, on the face of the certificate.   The certificate is to operate *in rem.*   This alone is to do the work.   It is the only evidence of what the commissioners have done. *Waring* v. *Waring*, in superior court, *Fairfield* county, *cor.* Judges *Swift*, *Goddard* and *Gould.*   *Wickes* v. *Clutterbuck*, 2 *Bing.* 483. (9 *Serg. & Lowb.* 490 ) *Prince* v. *Sperry*, 6 *Conn. Rep* 217.   *Rex* v. *Croke*, *Cowp.* 26.

5. That if the certificate be not void, the party wronged by want of notice is remediless, as there can be no revision, by appeal or writ of error.

6. That the statute has prescribed no *form* of certificate.

BISSELL, J.   The question in this case depends entirely on the validity of the certificate, in virtue of which, *Newman*, the debtor, was discharged from prison : and in order to a determination of this question, it may be necessary to bring into view the statutes, prescribing the powers and duties of the commissioners, and also the effect which is to be given to their certificate.

The act of 1811, after providing for the appointment of commissioners, and the assignment of his property, by the insolvent debtor, enacts, that " If, in the opinion of the commissioners, such insolvent shall have made a fair and full disclosure and assignment of his estate, according to the true intent of this act, and not otherwise, the commissioners shall deliver to such insolvent, a certificate, under their hands, that he or she has made an assignment of his or her estate, in conformity to

the requirements of this act ; and such certificate shall be evidence of his or her conformity, and as such shall operate to protect the person of such insolvent debtor from arrest and imprisonment." *Stat.* 283. *tit.* 52. *s.* 3. The additional act of 1828, provides, that the commissioners, "before they shall proceed to execute any of the powers reposed in them, by said act, shall leave with the clerk of the court, which shall have appointed such commissioners, or at his office, a written notice under their hands, specifying the time and place of their meeting for the purpose of receiving the assignment and disclosure of such insolvent debtor, at least six days inclusive, before the time appointed for such meeting."

The certificate before us contains no averment, that notice was given, pursuant to the requirements of the statute.

Two questions arise. 1. Is it an indispensable requisite to the jurisdiction of the commissioners, that they should give the notice prescribed by the act. 2. Must the certificate contain an averment of such notice, in order to protect the sheriff ?

1. Is notice indispensable to the jurisdiction of the commissioners ? The language of the statute requiring notice is too plain to be misunderstood, and fully discloses the object which the legislature had in view. It was, that the creditors might appear, and propound to the insolvent, on oath, interrogatories touching his estate and his disposition of the same.

The proceedings before the commissioners are not *ex parte,* but are of an adversary character throughout. The interests of third persons are involved in their decision. The creditor has a right at law, to imprison his debtor : and the statute does not contemplate that this right of the creditor may be destroyed, without notice to him. Accordingly, it is made imperative upon the commissioners, to give the notice prescribed, before they proceed to execute any of the powers reposed in them. Now, there is no principle better settled, than that where a particular mode of proceeding is pointed out by law, that mode must be strictly pursued, or all the acts done will be invalid. It would seem, therefore, to be only necessary to refer to the plain provisions of the statute, to prove, that unless the notice required, be given, by the commissioners, they can have no jurisdiction over the person or estate of the insolvent debtor. Every thing done by them is extra-judicial and void.

But this conclusion, drawn from the statute, may be sustain-

ed on general principles. The judgment of a court even of general jurisdiction, cannot affect a person, who had no notice to appear. As to him, the proceedings are *coram non judice.* In giving the opinion of the court, in *Case* v. *Humphrey,* 6 *Conn. Rep.* 130. 139. the Chief Justice remarks : " The jurisdiction of a court, if it extend to the parties and subject matter, when legally before them, can never be called into exercise, unless through the medium of process, complete in law, and duly served : or in other words, the court must first have cognizance of the process, before it can do any legal act in the cause." It cannot surely be contended, that the principle is to be relaxed, in regard to courts of limited jurisdiction. Notice was, therefore, indispensable to the jurisdiction of the commissioners.

2. Is it necessary, to the protection of the sheriff, that the certificate should contain an averment of notice ? This would seem to follow, as a necessary consequence, from the doctrine already established. The authority of the commissioners was special and limited : and in proceeding without notice, they extended their authority, and the power vested in them by law. Now, there is no rule better established, than that courts of limited jurisdiction must substantiate every fact necessary to give them jurisdiction : and the officer executing a warrant issuing from such court, must see to it, that those under whose command he acts, had power to do what they have done. If the want of jurisdiction appear on the face of the process, the officer is liable. *The Marshalsea Case,* 10 *Co.* 76. *Smith* v. *Bouchier* & al. 2 *Stra.* 993. *Grummon* v. *Raymond* & al. 1 *Conn. Rep.* 40. *Suydam* and *Wyckoff* v. *Keys,* 13 *Johns. Rep.* 444. *Wickes* v. *Clutterbuck,* 2 *Bing.* 483. *Brown* v. *Compton,* 8 *Term Rep.* 424.

It has indeed been contended, that although the certificate may be void as between the parties, yet it is a sufficient protection to the officer. This position is unsupported by authority, and manifestly repugnant to the plainest principles of justice. If the certificate will protect the sheriff in discharging, it will also justify him in not levying on the body of the debtor. The right of the creditor, therefore, to imprison his debtor is effectually destroyed, and that by a certificate admitted to be void, as between the debtor and him. It is no answer to say, that he may apply to the court and have the certificate vacated. The statute makes no provision for such a case ; and it is ob-

vious, that none is necessary. For why should the creditor *Fairfield,* apply? And why should the court be employed in setting June, 1831. aside a certificate, void on the face of it?

Starr
*v.*
Scott.

Again: It has been urged, that the rule in regard to courts of limited jurisdiction, is not applicable to the commissioners; as they derive their jurisdiction from the superior court; and that they and the court constitute but one tribunal. It can only be necessary to refer to the statute, to show the entire fallacy of this argument. The court imparts to the commissioners no authority, except by appointing them commissioners. Their powers are all derived from the statute. And although that requires that they should return their doings to the court, from which they derived their appointment, yet this is not done to the intent, that the sanction of the court may either be given or withheld. The certificate is recorded, as a matter of course; and without any act of the court, becomes evidence of the conformity of the insolvent debtor, *and operates to protect him from arrest or imprisonment.* There is, in this respect, a material difference between our statute, and the *English* statutes of bankruptcy. Under them the commissioners certify to the great seal, that the bankrupt hath conformed: and notice thereof is given in the Gazette, and that the certificate will be allowed and confirmed, unless cause be shown to the court, within twenty-one days from the date of the advertisement. And the certificate is of no validity until allowed by the Lord Chancellor, or by two judges.

Again: it is insisted, that the act of 1811 prescribes the form of the certificate; which is not altered by the additional act of 1828. Were it true, that the form of the certificate is prescribed by the statute, the argument derived from that fact would certainly be entitled to great weight.

But in my judgment, the statute does not prescribe, nor does it profess to prescribe, the form of the certificate. The most general terms are employed; and it is provided merely, that if in the opinion of the commissioners, the insolvent shall have made a fair and full disclosure and assignment of his estate, according to the true intent of the act, they " shall deliver to such insolvent a certificate, under their hands, that he or she has made an assignment of his or her estate in conformity to the requirements of this act." Now, if it had been the intention of the legislature to prescribe the form of the certificate, why not do, what they have confessedly done, in every case,

*Litchfield,*
June, 1831.

Starr
*v.*
Scott.

when they have established forms to be used in this state ? See *Stat.* 242, 3, 4, 5, 6. 201. 307. Even in the statute before us, they have undertaken to prescribe the form of the oath, to be taken by the commissioners, before they are capable of acting ; and that oath is set forth at length, in the body of the act. According to the argument, the certificate need not count on the appointment of the commissioners. It need not appear, that they have taken the oath, provided by law ; nor, in short, that they have any one of the qualifications, which are indispensable to their jurisdiction over the estate and person of the insolvent ; and yet this certificate, thus loose and informal, is to be evidence, in all courts in this state, and to protect the person of the insolvent from arrest and imprisonment. To such a doctrine I cannot yield my assent. I think the legislature intended only to provide, that a certificate should be given, leaving the form of the certificate to be settled by the commissioners, or by professional advisers, in conformity to the general provisions of the law. The opposite conclusion does violence to the language of the statute, and involves consequences directly opposed to all analogy and all authority. It is difficult to conceive of a court whose jurisdiction is more strictly limited than that of these commissioners. They are appointed *pro hac vice* merely. Their powers are strictly defined, and cease with the exigences of the case, which called them into being. That such a court should have power to issue process, stating no one fact from which its jurisdiction over the subject matter can be even inferred, and that such process should be held valid to affect the rights of others, would indeed be an anomaly in the law. I am of opinion, that the certificate of the commissioners is, on the face of it, void ; and would advise the superior court, that there is nothing erroneous in the judgment of the court below.

HOSMER, Ch. J. and WILLIAMS, J. were of the same opinion.

DAGGETT, J. dissented, on the ground that the form of the certificate was prescribed by statute. *Tit.* 52. *s.* 3. *p.* 283, 4.

PETERS, J. was absent.

Judgment to be affirmed.