PECK and others *against* STURGES and others.

Though the court of probate has no power to allow or disallow any particu-
lar claim or demand against an insolvent estate, this power being given
exclusively to the commissioners, yet it is competent to the court of pro-
bate to accept or reject the entire report of the commissioners; and an
order or decree accepting such report, may be the subject of an appeal to
the superior court, by an aggrieved creditor.

It is no objection to an appeal, in such case, that the report had been acted
upon, by a court of review, in reference to the claim of another creditor.

*Levi Taylor* assigned his property for the benefit of his
creditors, pursuant to the statute. The court of probate for
the district of *Norwalk* appointed commissioners on his estate,
who made their report of the sums due to the several creditors,
and returned it to the court, who received it and ordered it to
be recorded. Shortly afterwards, *Dick* and *Sandford* applied
to the court for a review of the claim made by them before the
commissioners, and which the commissioners rejected. The
court of probate ordered a court of review; and the court of
review, after hearing the parties, established the report of com-
missioners in regard to that claim. This report was accepted,
by the court of probate, in the following terms: "At a court of
probate holden at *Norwalk, May* 25th, 1835. The report of
the commissioners on the estate of *Levi Taylor*, an insolvent
debtor, of *Wilton*, was accepted, and recorded on the records
of said court." From this order or decree of acceptance, the
present applicants, who were not parties to the review, took
their appeal to the superior court. The appellees thereupon
filed the following motion: "Now the appellees in court pray
the court to dismiss said cause from the docket, and quash said
appeal; for that they say, that said appeal is not taken from
any order, sentence, denial, decree, or judgment of said court
of probate; and further, that such appeal is disallowed and
prohibited, by the provisions of the 4th section of the statute,
entitled 'an act for the settlement of estates, testate, intestate
and insolvent,' and this court has no jurisdiction thereof." The
question arising on such motion was reserved for the advice
of this court.

*Betts*, in support of the motion, contended, That the de-
cree appealed from was not one within the 36th section of the
statute regarding the settlement of estates, or within any sta-

tute allowing an appeal. *Stat.* 208, 9. *tit.* 32. *c.* 1. Statute of 1834. *Stat.* 266. (ed. 1835.) Statute of 1828. *Stat.* 265. *tit.* 41. *s.* 4. (ed. 1835.) As to the allowance or rejection of claims, the decision of the commissioners is final and conclusive. *Findlay & al.* v. *Hosmer,* 2 *Conn. Rep.* 350. *Hotchkiss & al.* v. *Beach,* 10 *Conn. Rep.* 232. *Williams* v. *Darling's* ex'rs, 1 *Root* 356. *Phelps* v. *Edwards,* 1 *Root* 96. *Banks* v. *Basset,* 2 *Root* 297.

2. That this case is not within any of the established exceptions to the conclusiveness of the doings of commissioners. *Edwards* v. *Botsford's* admr., 1 *Root,* 244. *Staniford* v. *Hide,* 1 *Root,* 263. *Fairweather* v. *Curtis & al.,* 2 *Root,* 32.

3. That the appeal is prohibited by the 41st section of the statute regarding the settlement of estates. *Stat.* 210. *tit.* 32. *c.* 1.

*Booth,* contra, insisted, 1. That a party interested may appeal as well from the acceptance of the commissioners' report, as from any other order. *Stat.* 208, 9. *tit.* 32. *c.* 1. *s.* 36.

2. That there having been a review of *another* claim, on the application of *other* creditors, the rights of the appellants are not thereby taken away. The court of review is to "hear the parties," and to render judgment "so far as regards *such claim ;*" and the court of probate is to conform to *such judgment ; i. e.* the judgment upon such claim. Then it is added "from which judgment and the acceptance of the report of commissioners, there shall be no appeal." This obviously means only, that the decision as to *that claim,* shall be final.

CHURCH, J. This is an appeal from an order of the court of probate for the district of *Norwalk* accepting the report of commissioners upon the estate of *Levi Taylor,* an insolvent debtor, who had assigned his estate for the equal benefit of all his creditors, according to the provisions of the statute on that subject. The law directing the manner of proceeding in such case, so far as the same is applicable, is similar to the provisions of the "Act for the settlement of estates, testate, intestate and insolvent;" and therefore, this latter act only will be considered, in deciding the questions involved in the present case.

The appellees present their motion in writing to the supe-

*Fairfield,*
June, 1836.

Peck
*v.*
Sturges.

rior court, praying that the appeal be quashed or dismissed from the docket of that court ; because they say, that it is not taken from " any order, sentence, denial, decree or judgment of said court of probate ;" and because also, they say, that such an appeal is expressly disallowed and prohibited, by the 41st section of the act aforesaid, and therefore, that said superior court has no jurisdiction of the cause or appeal.

The 36th section of the statute referred to enacts : " And if any person shall be aggrieved, by any order, sentence, denial, decree or judgment of a court of probate, in the settlement of an estate, such person may appeal *therefrom to the superior court in the county* where such court of probate is holden." The order appealed from, in the present case, was an order accepting the report of commissioners. If the court of probate by law had power to make such an order, and the appellants could be aggrieved by it, they had right to appeal from it to the superior court. It is claimed, by the appellees, that no law authorizes a court of probate to accept or approve the report of commissioners upon an insolvent estate ; and that when such report is made, no action of the court of probate can be had upon it, but to record it ; and that any pretended order or judgment approving or accepting it, is a mere nullity.

If the court of probate, for any cause, *could reject* such a report, it would seem inevitably to follow, that it has an equal right to accept it. That cases may occur, and frequently have occurred, wherein the courts of probate have power to reject a report of commissioners, and where their duty would require them to do so, is certain. Reports of commissioners do not stand alone, in this respect. Statute enactments are equally silent, in regard to the returns of distributors or appraisers ; and the law is the same in all these cases. Now, suppose commissioners have refused to take the oath prescribed by law ; or have neglected to give any public notice of the times and places of their meetings, so that creditors have had no opportunity to present their claims ; or suppose distributors have acted corruptly, have proceeded upon some mistaken principle, or for some cause, have made a very unequal and unjust division of an estate ; it cannot require argument to prove, *that it is the duty of the court of probate to reject their doings.* And it is equally its duty, if all things have been done legally, to accept them. And although no express power is given to

courts of probate to accept or reject the returns either of commissioners or distributors, yet such a power is both necessary and incidental to the salutary exercise of probate jurisdiction. The general authority conferred by statute upon these courts is " to act and judge in all testamentary and probate matters, and in every other thing proper for a court of probate to act and judge in, according to law." *Stat.* 143. *tit.* 20. *sec.* 25.

Commissioners and distributors are appointed, by the courts of probate, to aid in the settlement of estates. They are entrusted with powers affecting rights and titles of great and interesting importance; and unfortunate indeed it is, if no review can be had of their proceedings. But it is certain, we think, that unless the court of probate can make an order or decree, either accepting or rejecting the report or doings of these its agents, such doings cannot be reviewed or corrected, by any court of law, but must remain conclusive upon the parties interested. No appeal is by law allowed from the proceedings of commissioners or distributors: appeals can only be taken from some order, decree, denial, sentence or judgment of *the court of probate;* and in no other way can such proceedings be revised or corrected. The power of making an order or decree rejecting or accepting the report of commissioners, therefore, is not only incidental to the prerogative of probate courts, but is absolutely necessary to the protection of important rights.

But another ground upon which this motion is urged, is, that the appeal in this case, is prohibited, by the 41st section of the statute regulating the settlement of estates. By that section, it is provided, that, " whenever any person shall be aggrieved, by the doings of commissioners in allowing or rejecting a claim or demand upon an insolvent estate, and the matter in demand shall exceed the value of seventy dollars, such aggrieved person may, within fifteen days after the report of commissioners is returned into court, file his or her motion, praying a review of such claim or demand; and thereupon a judge of probate, with one judge of the county court, and one justice of the peace in the county, shall, as speedily as may be, hear the parties, and according to the justice of the case, render judgment to establish, reject or correct such report, so far as regards such claim; and the judge of probate shall conform himself to such judgment in proceeding upon such

Fairfield,
June, 1836.

Peck
*v.*
Sturges.

estate ; *from which judgment and acceptance of the report of the commissioners there shall be no appeal.*" The judgment from which an appeal, by this enactment, is prohibited, is a judgment from the doings of said board of review, establishing, rejecting or correcting a claim or demand of a creditor. A judgment affecting only the validity and amount of such claim, and the acceptance of the report of commissioners here mentioned, is the acceptance predicated upon the doings or judgment of said board of review ; and not an order, decree or sentence of the court of probate sanctioning or rejecting the entire report of the commissioners, for causes independent of the merit of particular demands or claims of creditors against the estate. The object of this provision was, to create a special tribunal to decide upon the merits of the repective debts or claims, which might be presented against an insolvent estate, for the purpose of furthering its speedy settlement ; and was not intended to supersede the appellate authority of the superior court, in cases involving the legality of the entire proceedings of the commissioners and the court of probate predicated upon them.

In the present case, no reasons for the appeal have been filed in the superior court ; but if, upon their coming in, it shall appear, that the cause of complaint and reason of appeal, is, that the claim of a creditor has been disallowed or rejected, in whole or in part, the appeal ought to be quashed as falling within the prohibitory clause of the section of the statute above recited. But if the objection goes to the validity of the entire report of the commissioners, as being illegal or void ; as that they were not sworn according to law, or gave no notice of the times and places of their meetings, or for other cause equally objectionable ; then the appeal should be sustained, and the truth and sufficiency of the reasons investigated. *Porter* v. *Collins,* 7 *Conn. Rep.* 1. *Edmond* v. *Canfield,* 8 *Conn. Rep.* 87. *Webster* v. *Merriam,* 9 *Conn. Rep.* 226. *Stoddard* v. *Moulthrop,* 9 *Conn. Rep.* 503.

In the present stage of those proceedings, the motion to quash the appeal cannot be sustained.

The other Judges concurred in this opinion.

Motion overruled.