CHARLES G. ROOT, ADMINISTRATOR, vs. EDWIN U. LATHROP.

Third Judicial District, New Haven, June Term, 1908.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

A prospective appellant who seeks to have the finding corrected may file a motion requesting the corrections desired, annexing thereto exceptions to any finding of a fact or to any refusal to find a fact as requested by him, and have the evidence pertaining thereto made part of the record, as prescribed by General Statutes, §§ 794–796; or in lieu thereof, within one week after he has received notice of the filing of the finding, he may have the evidence and rulings in the case certified and made part of the record on appeal, as provided in § 797; but he cannot proceed by both methods. Nor can he extend the time for filing his motion under § 797 by first proceeding under §§ 794–796. Should the trial court, however, see fit to certify the evidence under such circumstances, it may do so, and if it does, its action may be treated by this court as indicating that the time for filing the motion under § 797 was extended.

The statute of limitations does not begin to run against a cause of action accruing after the death of a decedent, until a personal representative is appointed who can sue thereon.

Submitted on briefs June 5th—decided August 3d, 1908.

ACTION to recover the amount of two savings-bank deposits belonging to the estate of Esther Lathrop of Waterbury, deceased, which were alleged to have been taken and converted by the defendant after her decease and before the plaintiff's appointment as administrator, brought to and tried by the Superior Court in New Haven County, *Roraback, J.* ; facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

*Lucien F. Burpee* and *Terrence F. Carmody*, for the appellant (defendant).

*Charles W. Evarts*, for the appellee (plaintiff).

THAYER, J. The defendant proceeded under General Statutes, §§ 794–796, to obtain a correction of the finding by the trial court. One of the corrections asked for was made by the court, and the others were refused. He then, more than one week after the finding was filed but within one week after the correction was made and the finding refiled, moved to have the entire evidence and rulings in the case made a part of the record under § 797, and asks this court to correct the finding. The plaintiff objects, upon the ground that the motion was made too late.

Section 797 requires that the motion shall be made within one week after the party moving has received notice that the finding has been filed. It is provided in this section that a party may, in lieu of proceeding under the three preceding sections, proceed under this to have the finding corrected. He could not, therefore, proceed under both, to obtain the corrections sought.

Nor could he be permitted to extend his time for filing his motion and the evidence, and commence proceedings under this section, by first proceeding under the earlier sections to have the finding corrected. Any such extension must be obtained from the court. The court was not bound, therefore, to certify the evidence. It has done so, however, and we may treat this as indicating that the time

for filing the motion was extended. It was within the power of the court to do this without motion.

An examination of the evidence shows that it justifies the finding as made, and does not warrant this court in making the changes which are asked for.

The only question in the case is whether the action is barred by the statute of limitations. The money sued for was taken and appropriated by the defendant after the death of his wife, the plaintiff's intestate, and before any administrator upon her estate had been appointed. The money was so appropriated more than six years before the action was commenced. There had been no administrator until the plaintiff was appointed, and his appointment was on October 8th, 1906, less than a year prior to the commencement of the suit. The cause of action did not accrue during the life of Mrs. Lathrop, and under the decisions of this court did not accrue so that the statute of limitations could run against it until the administrator was appointed. *Hobart* v. *Connecticut Turnpike Co.*, 15 Conn. 145, 148; *Andrews* v. *Hartford & N. H. R. Co.*, 34 id. 57, 59. The court, therefore, correctly overruled the defendant's claim that the action was barred by the statute.

There is no error.

In this opinion the other judges concurred.