MICHAEL ELKIN *vs.* HOWARD D. McGEORGE ET AL.

First Judicial District, Hartford, October Term, 1925.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and JENNINGS, Js.

Unless it is necessary for this court to have before it the whole or a substantial part of the evidence in order to pass upon the claimed corrections of the finding, the alternative method of appeal provided in § 5832 of the General Statutes should not be pursued.

If an appellant, without making a written request for an extension of time, fails to file his motion to correct the finding within the statutory period, the trial court may properly refuse to certify the evidence, or it may, for good cause shown, waive the irregularity and, by certifying the evidence, extend the time by implication.

Elkin *v.* McGeorge.

The power of this court to review a finding of facts is strictly limited
to the grounds set forth in § 11, page 309 of the Practice Book,
none of which authorizes a correction of a finding made upon
conflicting evidence.

In the present case, the trial court found that, after the plaintiff had
obtained an exclusive agency for the sale of the defendants' real
estate, and had, by his efforts, interested R and C as purchasers
and had actually induced them to purchase, the defendants, in
violation of their agreement to do the selling through him, ex-
ecuted with R and C a valid and enforceable written agreement
of sale. *Held* that these facts supported the trial court's con-
clusions that the plaintiff was the procuring cause of the sale
and was entitled to the agreed commission.

Argued October 7th—decided November 10th, 1925.

ACTION to recover a commission alleged to have been
earned by the plaintiff in the sale of real estate,
brought to the Superior Court in Middlesex County
and tried to the court, *Ells, J.;* judgment for the plain-
tiff to recover $1,344 from the defendant Mame L.
McGeorge, from which she appealed. *No error.*

*Leonard O. Ryan,* for the appellant (defendant
Mame L. McGeorge).

*Jacob Schwolsky,* for the appellee (plaintiff).

HAINES, J.  The issues in this case rest upon a gen-
eral denial of the allegations of a substituted complaint
wherein the plaintiff sets up his claim in four alter-
native counts.  In the first count it is alleged that the
defendants agreed to pay the plaintiff five per cent.
upon the selling price of the property, for his services
as broker in the sale of the defendants' real estate for
$25,000; in the second, that the plaintiff rendered such
services and that the defendants agreed to pay him
therefor what such services were reasonably worth; in
the third, that the defendants employed the plaintiff
as a broker to procure a purchaser and agreed to pay
therefor $1,250; and in the fourth, that the defendants

employed the plaintiff to procure a purchaser for the real estate and that such services were reasonably worth $1,250. The court, upon these issues, makes a general finding for the plaintiff, and reaches the conclusion that the defendants made a valid and enforceable contract of sale of the property, known as Mt. Tom Camp in Moodus in this State, with Leo Rogers and Alfred Chase, for $25,000; that the plaintiff was the effective procuring cause of the sale, and on that date, May 4th, 1923, had earned and became entitled to a five per cent. commission of $1,250, with interest from that date and costs.

The appellant, by motion filed January 13th, 1925, asked for a correction of the finding, and by another motion filed on the same date sought to have all the evidence and rulings certified and printed as part of the record on appeal, which latter motion was granted and all the evidence given at the trial is thus brought before this court. The motion for correction of the finding, save in two unimportant particulars, was denied.

The record shows that the motion to correct the finding and the motion to certify the evidence were both filed the same day, which suggests that the appellant was seeking to base her appeal upon the provisions of General Statutes, § 5832. Practice Book, p. 99. The end sought could have been fully accomplished by the adoption of the method of appeal provided by General Statutes, §§ 5829-5831. Practice Book, pp. 96-99. Though the evidence in this case is not voluminous, counsel should bear in mind that the printing of all the evidence on appeal is expensive and should not be done unless it is necessary to have the whole or a substantial part of it before this court for the consideration of the corrections desired. *Hartford-Connecticut Trust Co.* v. *Cambell,* 97 Conn. 251, 253, 116 Atl. 186.

The motion to correct was filed thirty-five days after the trial court had filed its decision; and it does not appear that any written motion for the extension of the period fixed by the statute, had been made to the judge. This was irregular and the judge could have properly refused to certify the evidence. It was, however, within his power, for good cause, to waive the appellant's noncompliance with the rule, and by certifying the evidence on the appellant's motion therefor, extend the time by implication, and this was done. *Root* v. *Lathrop,* 81 Conn. 169, 170, 70 Atl. 614.

There are three reasons of appeal, all relating to the findings of the trial court. The first asks that the finding be corrected by striking out six of the paragraphs therein and adding seven of the paragraphs which are in the appellant's draft-finding. These six paragraphs all relate to certain findings of fact made by the trial court largely upon conflicting evidence, or to deductions from the subordinate facts. To substitute for these the apellant's findings embodied in the seven paragraphs of the draft-finding is to substitute this court for the trial court and require us to try the facts from the printed record of the evidence. This is beyond our province, for it is the right and duty of the trial court alone to determine, from conflicting evidence, what the facts are. The right of this court to correct a finding is limited to those provisions set forth in the Practice Book, p. 309, § 11; *Bell* v. *Strong,* 96 Conn. 12, 112 Atl. 645; *Hartford-Connecticut Trust Co.* v. *Cambell,* 97 Conn. 251, 116 Atl. 186; *Dexter Yarn Co.* v. *American Fabrics Co.,* 102 Conn. 529, 129 Atl. 527. An examination of the evidence certified to this court satisfies us that none of the facts in the paragraphs objected to were found without evidence; that there was no refusal to find a material fact which was undisputed or admitted, and

that the inferences which the trial court drew from the subordinate facts were reasonable inferences.

The remaining two reasons, as stated by the appellant, are that the court erred in its conclusion from the subordinate facts, first, that the plaintiff was the procuring cause of the sale, and second, that the plaintiff had earned and was entitled to a commission of five per cent.—$1,250—when the agreement of sale was signed by the defendants and Rogers and Chase. This requires us to say whether, on the facts disclosed by the finding, these conclusions were reasonable with a sufficient basis in law.

It appears from the finding that the defendants, both being present, told the plaintiff that they would make him their exclusive agent for the sale of this property; would themselves advertise the property for sale; and would do all the selling through him and pay him a five per cent. commission if an offer acceptable to them resulted; that the plaintiff accepted their proposition and pursuant thereto showed Rogers and Chase the property and did all in his power to interest them in the purchase; that on a subsequent visit of Rogers and Chase, the plaintiff's wife again showed them the property and the plaintiff made further efforts to interest them in the purchase, and that throughout the negotiations the plaintiff "did all that was required of him by his agreement," and "actually did induce them to purchase the same when they found the terms agreeable to them." From these findings of fact the conclusion was reasonable, if not inevitable, that the plaintiff was the procuring cause of the sale.

Rogers and Chase, after the plaintiff's efforts above referred to, went to the defendants and executed with them a written agreement for the purchase of the property for $25,000. This was a valid and enforceable agreement and it met the only remaining condition

upon which the plaintiff's commission depended, under the terms of his contract with the defendants. The judgment for the plaintiff for $1,250, with interest from the date of the agreement, was justified.

There is no error.

In this opinion the other judges concurred.