GROSS BROS. SALES CORPORATION *vs.* LIEBMANN, LIEB-
MANN AND SALANT.

First Judicial District, Hartford, January Term, 1926.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

A motion to correct a finding must, under § 5828 of the General Statutes, be made within one week after the finding is filed; and to it should be annexed the appellant's exceptions and the evidence to support them.

Gross Bros. Sales Corp. *v.* Liebmann, Liebmann & Salant.

Where an appellant who has pursued the alternative method of
appeal provided in § 5832 of the General Statutes, has failed to
file a transcript of the entire evidence within one week after the
filing of the finding, and has not obtained an extension of time
for so doing, the certification of the evidence by the trial court
will be deemed equivalent to such an extension.

A finding of fact made upon conflicting evidence will not be dis-
turbed upon appeal.

The defendants ordered a quantity of furniture from the S. Co.,
which in turn made arrangements to purchase it from the plain-
tiff. The defendants neither promised to pay, nor paid, the
plaintiff any part of the purchase price except the sum of $500
which the plaintiff demanded of the S. Co. as a deposit before
shipment and which the defendants paid at the request of the
S. Co. and on its behalf. The plaintiff billed the goods to the
S. Co., but, upon the latter's adjudication in bankruptcy, brought
the present action to recover the balance of the purchase price
from the defendants. The trial court concluded that there was
no contractual relation between the plaintiff and the defendants,
and rendered judgment for the defendants. *Held* that the trial
court did not err.

Argued January 7th—decided January 28th, 1926.

ACTION to recover the purchase price of certain
household goods and furnishings, brought to the Court
of Common Pleas in Hartford County and tried to the
court, *Dickenson, J.;* judgment for the defendants, and
appeal by the plaintiff. *No error.*

The defendants in May, 1924, were located in Leb-
anon in this State, and were about to engage in the
business of conducting a farm and summer hotel at
Colchester, and ordered certain furniture and furnish-
ings for the hotel, of a firm known as the Star Furniture
Company of New Haven, which in turn ordered the
goods from the plaintiff, a wholesale dealer located at
Hartford. The order amounted to about $5,000.

In consideration of the undertaking of the Star Fur-
niture Company to procure the goods at wholesale
prices for the defendants, the latter agreed to pay them
a commission over and above that figure. The ship-
ment to the defendants was delayed, and they made

various calls upon the Star Furniture Company and likewise upon the plaintiff, both by telephone and personally, in an endeavor to hasten such shipment. The plaintiff would not ship the goods to the defendants upon the order of the Star Furniture Company without a preliminary payment of $500 on account, and the latter therefore instructed the defendants to make this payment on behalf of the Star Furniture Company, which was done, for the sole purpose of obtaining the shipments of goods. No further payments or promises to pay were made to the plaintiff by the defendants. The plaintiff billed the goods to the Star Furniture Company, but the latter was later adjudicated in bankruptcy. The plaintiff now seeks to obtain payment of the balance of the purchase price of the goods from the defendants, claiming the contract of sale was made with the defendants by the plaintiff.

*Morris G. Cohen,* for the appellant (plaintiff).

*Nathan G. Sachs,* for the appellees (defendants).

HAINES, J. This case turns upon a single question, viz.: whether the plaintiff sold these goods to the defendants or to the Star Furniture Company. The plaintiff's brief states the situation as follows: "The court found that the contract was between the plaintiff and the Star Furniture Company, and not between the plaintiff and the defendants, and it is from this decision that the plaintiff appeals."

The finding is specific: "21. This merchandise was obtained from the plaintiff on the account of the Star Furniture Company. 22. The defendants never promised to pay the plaintiff therefor, and this contract was also one between the plaintiff and their customer, the Star Furniture Company." It obviously became neces-

sary for the plaintiff to procure a change in this finding if it was to secure any relief from the judgment, and this was attempted by a motion to correct filed February 25th, 1925. The finding was filed December 4th, 1924, more than twelve weeks previous to the motion. No reason appears from the record, why the plaintiff did not file its motion within one week as required by law. General Statutes, § 5828; Practice Book, p. 95. The trial court denied the motion, and such denial is made the basis of some of the reasons of appeal to this court.

The motion discloses no attempt to strike out or to modify in any way any of the paragraphs of the finding, but simply asks for the addition to the finding of certain claimed facts. Some of these are in flat contradiction of paragraphs in the finding, and the others are either inconsistent with such finding or are purely evidentiary matters which have no place in a finding. If the motion were granted, the resulting finding would be so contradictory and inconsistent that no judgment could be directed upon it.

The plaintiff seems to have attempted to proceed under General Statutes, § 5829, § 5830, Practice Book, pp. 96, 97, but the other provisions of the statutes are ignored, and we find no exceptions and supporting evidence annexed to the motion. Instead, the plaintiff has filed a transcript of the entire evidence, which is only permissible, in proper cases, under the alternative method of appeal provided by General Statutes, § 5832. This was not filed within one week, as required by this statute, and no extension of time appears in the record, but the action of the trial court in certifying the evidence amounts to an extension of such time. *Root* v. *Lathrop*, 81 Conn. 169, 170, 70 Atl. 614.

If we were to treat the evidence as properly before us for the purpose of correcting the finding, the addi-

tions which the appellant seeks could be of no avail to it, for the reasons we have already suggested. Nor have we had our attention directed to any material fact found without evidence nor to the omission of any material fact which is undisputed.

The facts in this case material to the question as to who were parties to the contract of sale now set up, were found by the trial court, for the most part, upon conflicting or contradictory testimony, and so are not matters within our jurisdiction. The motion to correct the finding was properly denied.

There are fifteen stated reasons of appeal, and all except the first four and the last, are based upon the trial court's denial of the motion to correct, and therefore merit no further attention.

The remaining reasons of appeal raise the question of the correctness of the trial court's conclusion that the contract was made by the plaintiff with the Star Furniture Company and not with the defendants. No discussion of these reasons of appeal is necessary, because upon the finding as it stands no other conclusion could have been reached by that court than the one in question.

There is no error.

In this opinion the other judges concurred.