VIRGINIA PETTEE *vs.* THE HARTFORD-CONNECTICUT TRUST COMPANY, EXECUTOR.

First Judicial District, Hartford, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HINMAN AND NICKERSON, Js.

This court cannot review the refusal of the trial court to correct the finding where the appellant has failed to attach any evidence to his exceptions or to request that it be certified.

Under Chapter 124 of the Public Acts of 1921, a creditor of a solvent estate may, within one month after the disallowance of his claim by the executor or administrator or after the expiration of the time limited for the presentation of claims, apply to the Court of Probate for the appointment of commissioners to hear and decide upon his demand; and the court may, in the exercise of its discretion, grant the application.

Public notice of the hearing upon such an application is required by the statute, but not of the time and place of the meetings of the commissioners, who are merely bound to give such notice of their proceedings as is directed in the order appointing them.

If the order appointing the commissioners is insufficient or defective or the notice provided in it is unfair and unreasonable, an appeal may be taken from it, but unless it is so attacked, it remains in force and the notice given by the commissioners in compliance with it is sufficient.

Where the solvent estates of a husband and wife were both in process of settlement under the same executor, and commissioners were appointed to hear a claim against that of the wife who had left all the remainder of her estate to her husband, the order directing the commissioners to give notice of their doings only to the executor and to the claimant was fair and reasonable and afforded no ground of complaint to a beneficiary of the husband's estate whose interests were amply represented and protected by the provision for notice to the executor.

The indorsement by the Court of Probate of "filed and accepted" upon the report of commissioners is not an order from which an appeal may be taken. It is merely an *ex parte* act of a non-adversary character and its sole purpose is to consummate the right of appeal from the doings of the commissioners which are the real subject of the appellant's grievance.

An appeal from probate should be taken from that order or decree which constitutes the real grievance of the appellant, who must not only be aggrieved, but must be aggrieved by the particular order or decree appealed from.

An appeal from the doings of commissioners taken under § 5074 of the General Statutes, removes the entire cause for trial *de novo* in the Superior Court where all matters growing out of or connected with their proceedings or their report, including their failure to give proper notice of their meetings, may be reviewed.

The history of legislation concerning appeals from probate, and the practice therein, reviewed.

One trial judge is not bound to follow a ruling made by another at an earlier stage of the case.

A motion to erase or dismiss is the proper method of attacking an

appeal from probate when, upon the face of the record, no right of appeal exists.

The case of *Peck*'v. *Sturges,* 11 Conn. 420, explained and distinguished.

Argued October 7th, 1926—decided January 28th, 1927.

APPEAL from an order of the Court of Probate for the district of Hartford, filing and accepting the report of commissioners appointed to decide upon the claim of Harriet I. Nickerson presented to the executor and disallowed by it, taken to the Superior Court in Hartford County where a motion to dismiss was denied (*Simpson, J.*), a demurrer to the reasons of appeal was overruled (*Marvin, J.*), and upon issues joined the case was tried to the court, *Wolfe, J.;* judgment rendered for appellees confirming the decree of the Court of Probate, from which the appellant appealed. *Error; judgment to be entered dismissing the appeal.*

*Ufa E. Guthrie,* for the appellant (plaintiff).

*Roger Wolcott Davis,* with whom was *Louis W. Schaefer,* for the appellee (defendant).

NICKERSON, J. Ione Amelia Pingree Sawyer died testate about May 16th, 1924, leaving a will, which was admitted to probate by the Court of Probate for the district of Hartford. By her will she gave all the remainder of her estate to her husband, George O. Sawyer, absolutely. He died at Hartford in September, 1924, leaving a will, which was admitted to probate by the Court of Probate for the district of Hartford, and the Hartford-Connecticut Trust Company has been and is the duly qualified and acting executor of both the estates of Ione Sawyer and George O. Sawyer. These estates, consisting of real and personal property, are still in process of settlement and there has been no distribution.

In the will of George O. Sawyer, after the payment of certain legacies, all the rest of the estate is devised

and bequeathed to the Connecticut Trust and Safe Deposit Company in trust to hold, manage and invest with full power of sale, until the twenty-fifth anniversary of the birth of Charles Pettee, born May 12th, 1908, when the trust shall terminate and the property shall be divided and distributed as follows:

"To my granddaughter Virginia Pettee or her children one half thereof; to my grandson George O. S. Pettee, or his children one fourth thereof; and to my grandson Charles A. Pettee, or his children one fourth thereof.

"In case of the death of any of said grandchildren leaving no issue living at the termination of the trust the share which such deceased grandchild or his children would receive if living shall be distributed in equal shares, *per stirpes,* to such of said other grandchildren or their children as shall be living at the termination of the trust."

The will also provides that "no part of the income or principal of the said fund shall be subject to anticipation, alienation or assignment by any beneficiary."

Virginia Pettee survived her grandfather, George O. Sawyer, and is the appellant herein.

On October 22d, 1924, the appellee, Harriet I. Nickerson, presented to the executor of the estate of Ione Sawyer a claim for services rendered by her for the deceased in her lifetime. The claim was disallowed by the executor.

On May 11th, 1925, the appellee, pursuant to the statute, filed in the Court of Probate an application for the appointment of commissioners to receive and decide upon the claim. The Court of Probate thereupon ordered that the application be heard and determined on May 28th, 1925, and that notice of such application and of the time and place set for a hearing thereon, be given by newspaper publication and by registered mail.

The order respecting notice was duly complied with and a return of such compliance was made which was found true and accepted by the court.

On May 28th, 1925, the Court of Probate, acting upon such application, appointed commissioners to hear and decide upon the claim and directed that they give notice of the time and place of their meeting to the executor of the estate of Ione Sawyer and to the claimant. The order was duly complied with.

No notice was given the appellant. The notice given was that ordered by the Court of Probate to be given by the commissioners to the claimant and to the executor who disallowed the claim.

The commissioners, having been duly sworn, met pursuant to the notice given, and having heard the claimant, Harriet I. Nickerson, and the Hartford-Connecticut Trust Company, executor, and their witnesses, allowed the claim in part and disallowed the balance, and on June 4th, 1925, made their report to the Court of Probate. The judge of probate indorsed thereon "filed and accepted June 6th, 1925." From such indorsement, calling the same an "order and decree," the appellant, on July 3d, 1925, appealed to the Superior Court. Before her appeal was taken the appellant had knowledge of the appointment of commissioners, of their action on the claim, and of their report to the Court of Probate.

The eleventh and twelfth reasons of appeal allege that the court erred in failing to correct the finding in accordance with the appellant's exceptions. No evidence is certified in connection with the exceptions. There is nothing upon which this court can determine whether the facts stated in the motion and exceptions are correct. The appellant made no request to the trial judge to certify the evidence and attached none to the exceptions. There is nothing upon which to

base any correction of the finding. The appellant has wholly failed to comply with the statute and rules governing the correction of findings. Practice Book, p. 309, § 11; General Statutes, §§ 5830, 5831.

The opinions of this court contain repeated assertions that a finding will not be corrected unless the appellant complies with the law relating thereto. *Elkin* v. *McGeorge,* 103 Conn. 486, 487, 489, 130 Atl. 898; *Gioia* v. *Annunziata,* 102 Conn. 52, 127 Atl. 921; *Dexter Yarn Co.* v. *American Fabrics Co.,* 102 Conn. 529, 129 Atl. 527; *State* v. *Kelly,* 100 Conn. 505, 506, 507, 508, 124 Atl. 37. "It ought not to be necessary in numerous cases for this court to call attention of counsel to this rule with wearisome iteration, and to emphasize the fact that it will be strictly adhered to." *West* v. *Lewis Oyster Co.,* 99 Conn. 55, 62, 121 Atl. 462.

The remaining seven reasons of appeal may be considered together. They relate to the failure of the commissioners to give the appellant notice, either actual or by publication in a newspaper, of the time and place of the hearing upon the claim of the appellee, Nickerson; to the action of the Court of Probate in filing and accepting the commissioners' report and to the claim that the trial court erred in failing to hold that the order of the Court of Probate in filing and accepting the commissioners' return was null and void.

The claim of the appellee, presented to the Hartford-Connecticut Trust Company, executor of the estate of Ione Sawyer, was disallowed. The appellee then brought an application to the Court of Probate for the appointment of commissioners under the provisions of § 4990 of the General Statutes as amended by Chapter 124 of the Public Acts of 1921.

The statute, as amended, provides for the appointment of commissioners on solvent estates to receive and decide upon the claims so presented. It contem-

plates that the estate is being settled as a solvent estate; that a claim has been presented to the executor or administrator within the time limited for the presentation of claims and has been disallowed by such executor or administrator. Such prerequisites existing, the creditor may, within one month after such disallowance, or the expiration of the time limited for presenting claims, apply to the Court of Probate for the appointment of commissioners to receive and decide upon such claim.

Upon the application of the appellee, Harriet I. Nickerson, claiming to be a creditor, the Court of Probate, in the exercise of its discretion, appointed commissioners to receive and decide upon the claim so presented and disallowed. These commissioners had all the powers and duties concerning the appellee's claim appertaining to commissioners under the provisions of §§ 4991 and 4992 of the General Statutes.

Section 4991 relates to the notice to be given creditors where commissioners are appointed upon insolvent estates. It is there provided that public notice shall be given of the time and place of the meetings of the commissioners so appointed to receive and decide upon the claims of the creditors of the estate, and also that notice shall be sent to every known creditor. The claims must be exhibited to the commissioners so appointed to receive and decide upon them. General Statutes, § 4994.

Section 4992 relates to the appointment of commissioners after the time for the presentation of claims has expired. Where all claims have been presented, the executor or administrator may represent the estate insolvent, and thereupon the court shall appoint commissioners to receive and decide upon the claims of creditors against the estate.

The statute contemplates that the claims against

the estate have been presented. The commissioners are appointed to decide upon only those that have been so presented. The information as to what claims have been presented can be obtained from the executor or administrator. He delivers such claims to the commissioners. Notice is to be given to every person who has presented a claim against the estate "in such manner as the Court of Probate shall direct."

In appointing commissioners upon a solvent estate the court proceeds as in § 4991. Public notice is given to all persons in interest to appear, if they see cause, before the court at a time and place appointed by it and designated in the notice, to be heard relative to the appointment of commissioners. After such hearing it is provided that the court shall appoint commissioners.

Where an estate is insolvent, or so represented, it is the duty of the court to appoint commissioners; under § 4990 as amended, in the case of a solvent estate, it is discretionary.

In the order appointing commisisoners the Court of Probate directs what notice shall be given of the time and place of their meetings. Such has been the long-continued practice in this State and it is in harmony with the language of the statute.

The provisions of § 4990, as amended, that commissioners shall have all the powers and duties of commissioners appointed under the provisions of §§ 4991 and 4992, relate to their duty to be sworn and to give notice of the time and place of their meetings to the creditors in compliance with the order of court directing the notice to be given.

The statute protects the rights of creditors who have claims against an estate. Public notice is required when the time for presentation of claims is limited by the court and when commissioners are to be ap-

pointed. The appointment of commissioners is made pursuant to public notice. Such notice is not required to be given by the commissioners when they are appointed under the provisions of § 4992 after the time for the presentation of claims has expired. No public notice is required when the claim has been presented, disallowed and commissioners appointed under § 4990 as amended. No such public notice is necessary and the law does not require the performance of unnecessary acts.

If the appellant desired notice of the proceedings in the Court of Probate she could have had the same by making a written request therefor, as provided in § 4851 of the General Statutes.

It was the commissioners' duty to give the notice directed by the court in connection with their appointment. That they did. The appellant cannot now complain that they did not do more than the court appointing them directed. Particularly is that true when the doings of the commissioners are not questioned.

It cannot be said that the act of the Court of Probate in accepting the return of the commissioners, setting forth a full compliance with its order of May 28th, 1925, appointing them, was void or voidable. They had complied with the order of court. It then stood and now stands as correct.

No appeal was taken from the order and decree of the Court of Probate appointing the commissioners and directing the notice to be given by them of the time and place of their meeting. The notice so provided was fair and reasonable and complied with the statute. If that order was insufficient or defective, an appeal could have been taken from it. Until set aside upon appeal it remains in force, and the notice given by the commissioners in compliance with it is suffi-

cient. *White* v. *Strong,* 75 Conn. 308, 312, 53 Atl. 654; *Shelton* v. *Hadlock,* 62 Conn. 143, 25 Atl. 483; *Dickinson* v. *Hayes,* 31 Conn. 417, 422.

The case of *Starr* v. *Scott,* 8 Conn. 480, is cited by the appellant. That case manifestly determines no question presented in this case.

Notice to the appellant, as one of the beneficiaries under the will of George O. Sawyer, of the time and place of meeting of the commissioners to decide upon the claim of the appellee, was not necessary. The notice given was a reasonable compliance with the statute. The Hartford-Connecticut Trust Company, as executor of both estates of Ione Sawyer and George O. Sawyer, had full and actual notice of all proceedings before the commissioners. As executor of the estate of Ione Sawyer it disallowed the claim of the appellee. When commissioners had been appointed it appeared and contested the claim before them. As such executor it represented all persons interested in those estates. *Gillette's Appeal,* 82 Conn. 500, 74 Atl. 762; *Buckingham's Appeal,* 60 Conn. 143, 159, 22 Atl. 509; 2 Woerner on Law of Administration (3d Ed.) 654, 655; 2 Schouler on Wills, Exrs. & Admrs. (5th Ed.) §§ 1239, 1251, 1252.

Whether the appellant had such an interest that she could appeal from the doings of the commissioners it is unnecessary to determine. Her rights were protected by the executor of both estates, and she made no complaint regarding the finding of the commissioners in allowing the appellee's claim.

The appellant has not appealed from the doings of the commissioners in passing upon the claim or from their report, nor has anyone else, and no request was made by the appellant, or anyone else, to the executor of either of these estates to take such an appeal.

If the appellant is aggrieved at all, it is because of

the action of the commissioners prior to the return and filing of their report. The indorsement thereon by the probate judge of "filed and accepted" added nothing to her real grievance, if she had any. If her interests are affected, it is because the commissioners allowed a part of the appellee's claim. If the entire claim of the appellee had been disallowed by the commissioners, the act of the Court of Probate in filing and accepting the commissioners' report would have been the same, yet the appellant could not claim to be aggrieved. Her only grievance is that the claim is allowed in part. That applies to the report of the commissioners and not to any action of the Court of Probate. Her remedy was clearly provided in the statute. She could appeal from the doings of commissioners. General Statutes, § 5074.

All questions arising thereon would have been before the court upon such appeal. That she did not do. She ignored the action of the commissioners in all respects and appealed only from the indorsement of "filed and accepted" thereon. The indorsement "accepted" gave the commissioners' return and report the standing necessary to enable her to appeal therefrom. That is the purpose of such an indorsement by the Court of Probate, and when the report is accepted the right to appeal is complete. General Statutes, § 5074.

Such indorsement affords no grievance to any person interested in the estate. An appeal should be taken from that which constitutes the real grievance of the party appealing. There can be no grievance by an act which places a person in a situation to obtain relief. A person must not only be aggrieved, but must be aggrieved by the particular order appealed from.

The case of *Peck* v. *Sturges*, 11 Conn. 420, is cited as authority justifying an appeal from the acceptance of the commissioners' report by the Court of Probate.

That case was decided in June, 1836. It arose under the statute relating to voluntary assignments for the benefit of creditors. Commissioners were appointed on the estate of one Taylor, an insolvent debtor. They made their report, returned it to the Court of Probate, which received it and ordered it recorded. Thereafter two creditors applied for review of their claim which had been rejected by the commissioners. The Court of Probate ordered a court of review, which, after a hearing, established the report of the commissioners in regard to that claim. The report was then accepted by the Court of Probate in a formal decree, reciting that "At a court of probate holden at Norwalk, May 25th, 1835. The report of the commissioners on the estate of Levi Taylor, an insolvent debtor, of Wilton, was accepted, and recorded on the records of said court." From that decree parties not connected with the review appealed. It was there held that commissioners and distributors are entrusted with powers affecting rights and titles of great interest and unless the Court of Probate made an order or decree accepting or rejecting the report or doings of its agents there was no other way such proceedings could be reviewed or corrected. Because no appeal was allowed by law from the proceedings of commissioners and could only be taken from some order or decree of the Court of Probate, it was then held that such appeal was necessary as it afforded the only method for the review and correction of the doings of commissioners.

In 1838, following the decision in *Peck* v. *Sturges,* the legislature passed an Act providing for appeals from the doings of commissioners in allowing and rejecting claims. Compilation of 1838, p. 249.

In that Act the method of review of the allowance or rejection of a claim was continued as it had been by a board of review, subject to its rejection, correction or

establishment by the Court of Probate, from whose judgment of acceptance there was no appeal as to claims which shall exceed $30 but be less than $70. A new method was provided as to claims in excess of $70, and that was by appeal to the Superior Court from the doings of commissioners. It is inconceivable that as to these latter claims the legislature intended the new method to be simply a concurrent remedy with that theretofore existing. Revision of 1821, p. 210, § 41.

Otherwise, there would have been no occasion for dividing the claims into classes and continuing the old remedy·as to one class, and providing a new remedy for the other class without referring to the old remedy. Subsequent legislative enactments, judicial decisions and the procedure as to such matters commonly pursued in Courts of Probate thereafter, remove this mode of construction from the realm of controversy.

It is pointed out in *Bailey* v. *Whitman,* 49 Conn. 79, 81, that "the Court of Probate has no power to revise the doings of the commissioners with reference to any particular claims allowed or disallowed by them. But it has power for cause shown to reject the entire report"; for example, in the case of misconduct or illegality in the action of the commissioners. The case before us is an appeal "to revise the doings of the commissioners."

The mischief sought to be remedied by the Act of 1838 was the situation then existing and emphasized in the decision of *Peck* v. *Sturges.* The statute continued in substantially the form enacted in 1838 until 1875. In the Revision of that year the words "in allowing or rejecting a claim" were omitted and the right of appeal was given to any person aggrieved by the doings of commissioners. Revision of 1875, p. 390, § 14. The provision regarding such appeals was re-enacted in the revision of the probate laws. Public

Acts of 1855, p. 475, Chap. 110, § 19. It has since remained the same and now appears in § 5074 of the Revision of 1918. Before the statute providing for appeals from commissioners, a formal order accepting the report was made, as in *Peck* v. *Sturges, supra.*

Since that time the filing and acceptance of the report has been *ex parte.* It is not of an adversary character and is all that has been done by the Court of Probate. All rights growing out of, or connected with, the doings of commissioners in connection with their report, the failure to give proper notice of meetings or any act by them in violation of the law, can be attacked upon appeal from the doings of commissioners, which removes the entire subject, including the acts and doings of the commissioners, to the appellate court where the case is tried *de novo. Fourth Ecclesiastiial Society* v. *Mather*, 15 Conn. 588, 599, 600; *Cothren's Appeal*, 59 Conn. 545, 22 Atl. 297.

When the Act of 1838 allowing appeals from commissioners was passed, the statute allowed appeals from any order or decree of a Court of Probate in any matter.

In 1847 the General Assembly appointed a committee to revise the statutes. At that time there had been no revision since 1821. The revisers, acting under the resolution appointing them, made many changes, supplying omissions from analogy to existing provisions. They reported to the May session of 1848. Their report was adopted and with the Acts of that session became the Revision of 1849. The law relating to appeals from any order, denial or decree of a Court of Probate was therein modified by the provision that such appeal may be taken "unless where it is otherwise specially provided by law." Revision of 1849, p. 213, § 64. Such since has been the language of the statute and appears in the Revision of 1918, § 5071.

The statute providing for appeals from the doings of commissioners is a special provision for removing all matters connected with their doings to the appellate court. There no longer exists any necessity or reason for appeal from the *ex parte* act of indorsing "accepted" thereon. There is no longer any reason to justify an appeal from such indorsement. It transfers nothing to the appellate court and avails the appellant nothing. *Lawrence's Appeal,* 49 Conn. 411, 413, 425; *Olmstead's Appeal,* 43 Conn. 110; *Moss' Appeal,* 36 Conn. 212; *Bennett's Appeal,* 33 Conn. 214.

An appeal lies from the report when accepted and not from the acceptance of the report.

The practice in appeals from probate has been too careless and indifferent. It became so much so that the attention of the profession was called to it by the reporter of this court in *Donahue's Appeal,* 62 Conn. 370, 376, 26 Atl. 399.

Attention should be given to the statute providing the remedy. When an appeal is taken it should present the real grievance so that the appellate court will be in position to apply the remedy. Old and obsolete methods should not be pursued when more recent statutes afford full and direct relief. No appeal now lies from the action of the Court of Probate in making the indorsement of "accepted" upon the report· of commissioners.

The trial judge evidently felt bound to follow the decisions previously made in overruling the demurrer and holding that an appeal lies from the order of the Court of Probate accepting the report of the commissioners as the law of the case. Such determination is not necessarily treated as an infallible guide to the court in dealing with all matters subsequently arising in the case. If it is erroneous, although before a different judge, he has the same right to consider the

question and grant a rehearing as if he had himself made the decision. *Wiggins* v. *Federal Stock & Grain Co.,* 77 Conn. 507, 508, 516, 59 Atl. 607; *Schempp* v. *Beardsley,* 83 Conn. 34, 37, 75 Atl. 141.

The trial court correctly held that the notice given was sufficient. It correctly found the issues in favor of the appellees.

Since the remedy pursued by the appellant did not exist, and this was apparent on the face of the record, a motion to erase the appeal was the appropriate remedy. *Bethel & Redding Lime Co.* v. *New York, N. H. & H. R. Co.,* 82 Conn. 135, 142, 72 Atl. 728; *Norton v. Shore Line Electric Ry. Co.,* 84 Conn. 24, 25, 31, 78 Atl. 587; *Galvin* v. *Birch,* 97 Conn. 399, 400, 116 Atl. 908.

The motion to dismiss served the same purpose as the motion to erase would have served.

Judgment should have been rendered dismissing the appeal instead of confirming the decree of the Court of Probate.

There is error in the form of the judgment; it is reversed, and the Superior Court is directed to render judgment dismissing the appeal, with costs to the appellees.

In this opinion the other judges concurred.